# Hontz, Appellant, *v.* Hollenback Township.

*Townships—Township supervisors—Tractors—Lease of—Powers of supervisors.*

Where the purchase of a tractor was illegal, because it increased the indebtedness of a township beyond the constitutional limit of 2% of the assessed valuation of the property in the township, the supervisors could, nevertheless, rent a tractor and pay such rental out of the current funds of the township.

The provision in the lease giving the township the option to purchase the tractor at the end of the term by paying one thousand dollars additional, did not change the contract into one of sale. If the contract was good as one of rental without this clause, its inclusion did not vitiate the lease. The lease did not provide for the purchase of the tractor; it only gave the township the option to purchase at a fixed price, and the legality of the purchase would have to be passed upon only if and when an attempt was made to exercise the option.

Argued March 3, 1925. Appeal, No. 25, Jan. T., 1925, by plaintiff, from judgment of C. P. Luzerne Co., Jan. T., 1923, No. 200, in the case of Roy J. Hontz v. Township of Hollenback. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for use of power tractor. Before McLean, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned* was, among others, the order of the court.

*Granville J. Clark,* for appellant.—The contract of hire was in no sense a contract of purchase and the plaintiff was entitled to recover: Aspinwall-Delafield Co. v. Aspinwall Boro., 229 Pa. 1; Schilling v. Ohio Twp., 260 Pa. 113; Ephrata Water Co. v. Ephrata Boro., 16 Pa. Superior Ct. 484; Bell v. Waynesboro Borough, 195 Pa. 299; Reittinger v. Pittsburgh School Board, 266 Pa. 67; Erie City's App., 91 Pa. 398-403; Wade v. Oakmont, 165 Pa. 479; Addystone Pipe & Steel Co. v. Corry, 197 Pa. 41.

*J. Q. Creveling,* and with him *Thomas J. Grover,* for appellee, cited: Bullitt v. City of Philadelphia, 19 Pa. Dist. Rep. 1091; McManus v. Phila., 201 Pa. 619; Smith v. Phila., 227 Pa. 423; Kreusler v. McKees Rocks School District, 256 Pa. 281; O'Malley v. Olyphant Borough, 198 Pa. 525; Machinery Co. v. Old Lycoming Twp., 25 Pa. Superior Ct. 156.

Opinion by Keller, J., April 28, 1925:

The action was in assumpsit for two years' hire of a tractor. It appears from the pleadings and the evidence that the township supervisors, in May, 1921, made a contract with the plaintiff to purchase the tractor, and gave their note for $2,090 in payment of the same. Some question having arisen, because of the existing indebtedness of the township, as to the legality of this action, the purchase was subsequently rescinded and the note

returned. The township, in the meantime, had been in possession of the tractor for the working season of 1921, and had used it in making and repairing the public roads, and the supervisors, in regular meeting assembled, agreed to pay the plaintiff the sum of $694.50, as compensation for the year's rental or use of the tractor. It was not alleged that the amount thus agreed upon was excessive, and the learned trial judge, before whom the case was tried without a jury, found that the contract was legal and binding upon the township. An exception to this finding was sustained by the court in banc, on the ground that it was "but a device for legalizing an ultra vires contract." We are unable to agree with this conclusion. Assuming that the contract for the purchase of the tractor was illegal, because it increased the indebtedness of the township beyond the constitutional limit of 2% of the assessed valuation of the property in the township, this did not prevent the township from being honest in its dealings with the plaintiff and agreeing to pay, out of its current revenues, a fair rental for the tractor which it had used to the benefit of the public roads: Addyston Pipe & Steel Co. v. City of Corry, 197 Pa. 41, 49. The supervisors could have legally made such a contract in the first instance, providing for its payment out of the current taxes, (Schilling v. Ohio Twp., 260 Pa. 113, 117; Wade v. Oakmont Boro., 165 Pa. 479), just as they could have hired teams and laborers, and having received the benefit of its use they could recognize the obligation to pay reasonable compensation for the same: Aspinwall-Delafield Co. v. Aspinwall Boro., 229 Pa. 1, 5; Ephrata Water Co. v. Ephrata Boro., 16 Pa. Superior Ct. 484. The case bears no likeness in its facts to Kreusler v. McKees Rocks School Dist., 256 Pa. 281, relied upon by the court below, where the plaintiff endeavored to recover on a quantum meruit for a school building erected under an illegal contract. But he was seeking to recover the value of the work and materials entering into the erection of the

building, not compensation for its use and occupancy. If a school district should contract for the purchase of a school building and enter upon and occupy the same, and it should turn out that the contract of purchase was contrary to law, there is nothing in the Kreusler case, which warrants the conclusion that the school board would, on that account, be prevented from paying out of current receipts a fair rental for the building during the period they used and occupied it.

Nor are we able to agree with the learned court below as to the claim for the second year's rent. As we have already said the supervisors could lawfully make a contract for the hire of a tractor for a year at a reasonable rate to be paid out of the current revenues of the township. This the supervisors did for the following year, 1922. Not being a contract to purchase anything it did not require the approval of the township superintendent (Act of May 17, 1921, P. L. 857). The provision in the lease giving the township the option to purchase the tractor at the end of the term by paying one thousand dollars additional, did not change the contract from one of lease into one of sale. If the contract was good as one of rental without this clause, its inclusion did not vitiate the lease. The lease did not provide for the purchase of the tractor but only gave the township the option to purchase at a fixed price, and the legality of the purchase would have to be passed upon only if and when an attempt was made to exercise the option, which was never done. The contract bore no likeness to the common form of purchase of an automobile under the guise of a bailment lease, and should not have been construed as such. There is nothing in the case to indicate that the rent charged was more than fair and reasonable compensation for the use or rental of the tractor, or that any part of it constituted a payment on account of an intended purchase.

The first, second, third and fifth assignments of error are sustained. The judgment is reversed and is hereby

directed to be entered for the plaintiff for $1,194.50 with interest on $694.50 thereof from March 1, 1922, and on $500 thereof from November 1, 1922.