## Blayney v. Donegal Township.

*W. R. Dennison,* for plaintiff; *Brownlee & Brownlee,* for defendant.

CUMMINS, J.—Plaintiff's action is in *assumpsit* to recover for an alleged breach of contract. Plaintiff in his statement of claim alleges that a written contract was entered into between himself and defendant township, whereby he agreed "to unload, haul and distribute sufficient slag from cars at the B. & O. station at Vienna . . . to properly complete the construction of three miles of road, known as the Haneytown Road;" in consideration whereof defendant agreed to pay him 70 cents per ton for all slag so hauled, to be paid bi-monthly; that when one-half of said three-mile section of road had been completed, defendant township prevented him from proceeding further under his said written contract and employed others to do said work; for his loss thus resulting, plaintiff seeks to recover.

To plaintiff's statement, the defendant township files a statutory demurrer, alleging that said written contract, a copy whereof is attached to plaintiff's statement, was not approved and signed by the Township Commissioner of the State Highway Department, as required by the Act of May 17, 1921, P. L. 857, and is, therefore, unenforceable.

The Act of May 17, 1921, which is an amendment of clause 4, of section 386, of the Township Act of July 14, 1917, P. L. 840, 881, provides: "That all contracts for the construction, reconstruction and improvement of roads and for the purchase of materials used in such work . . . shall be submitted to the Township Commissioner of the State Highway Department, for approval or disapproval, before such contracts are actually entered into, and no such contract shall be valid unless it shall be approved and signed by the township commissioner."

By the copy of the contract attached to plaintiff's statement, it affirmatively appears that same was not signed by the township commissioner. Did the contract sued upon come within the scope of the act? For it is clear that if it did, no recovery can be had thereon: Hontz v. Hollenback Township, 85 Pa. Superior Ct. 281; Harris v. Philadelphia et al., 283 Pa. 496, 503; Philadelphia Co. v. Pittsburgh, 253 Pa. 147, 151.

Since the enactment of this statute, the township, where it itself undertakes to construct, reconstruct or improve its roads or highways, may, as an incident thereto, enter into contracts of hire for men and teams without any approval of the township commissioner (Houtz v. Hollenback Township, supra, 383) ; but it can now no longer enter into improvement contracts without such approval.

The contract in question is not one of hire. Plaintiff did not thereunder become an employee, but an independent contractor, with full control over the work agreed to be done by him. The character of the contract does not depend on whether it involved the entire improvement to be made, but on the contractual relationship thereby created between plaintiff and the municipality. Under this contract, plaintiff could have unloaded from the cars this slag either by machinery or by hand; he could haul it by truck or with teams; he could do the work himself or employ others to do it. Plaintiff, under the contract, was in no sense the agent, servant or employee of defendant. Under the act of assembly, this contract was clearly void, not having been approved by the township commissioner.

*Decree.*—And now, May 5, 1928, statutory demurrer sustained, and judgment is entered for defendant for costs.

From Harry D. Hamilton, Washington, Pa.