## In re Fairmount Township Supervisors

*John H. Dando* and *Max Rosen*, for petitioners.
*Frank A. McGuigan* and *Donald O. Coughlin*, for respondents.

McLEAN, P. J., November 10, 1933.—Under section 192 of the Act of July 14, 1917, P. L. 840, and its amendments, the required number of owners of real estate residing in the Township of Fairmount, Luzerne County, filed a petition for the removal of the township supervisors for neglect of duty, in that the supervisors failed to comply with the statute in the making of contracts for the expenditure of township funds; in failing to fix the commissions and compensation of appointed officers; in failing to require the treasurer to file bond; and in the appointment of the township tax collector as township treasurer, etc.

Respondents filed an answer, and upon the issue thus raised testimony was taken before the court.

All the respondents served as supervisors during the fiscal year 1932, and Quick and Harrison served during the fiscal year 1931.

From the testimony we find the following facts:

1. On July 24, 1930, two of the respondents, to wit, Quick and Harrison, with the third supervisor then in office, Dohl, entered into a lease agreement, for the township, with Powell Davies Company for a stone crusher, which lease extended according to its term until November 1, 1931, and provided for rental of $500 to be paid by the township to the company at the rate of $10 a

day for each day in use. The lease contained a further provision extending an option to the lessee to purchase the crusher at any time within the term of the lease, or immediately thereafter, for the sum of $500, with interest at 6 percent from the date of lease to the date of purchase, less rentals paid.

2. On December 11, 1930, the township paid rentals on account of the above-mentioned lease of $400; on October 22, 1931, paid the further sum of $50 on account of rentals, and subsequently was billed by Powell Davies Company for $50 for the balance due in purchase of the crusher, which sum was paid on or about November 1, 1931, by the township.

3. The purchase of the stone crusher thus consummated was not first approved by the township commissioner of the State Highway Department.

4. On July 31, 1931, the then township supervisors, including Quick and Harrison, purchased a quantity of pipe material at a cost of $269 from Eastern Culvert Corporation, without a written contract and without first securing the approval of the township commissioner.

5. The township supervisors appointed S. R. Sutliff as township treasurer and secretary of the board of supervisors for the years 1931 and 1932, at a time when he was serving as the duly elected tax collector for the township, and failed to fix his compensation as treasurer by determining the percentage to be paid to him of the moneys received and paid out as township treasurer, and likewise failed to fix his salary as secretary. For these years Sutliff was paid $314.67 for his services as treasurer and $20 for his services as secretary, and in addition received $88.75 for extra services.

The lease agreement referred to in the first finding of fact did not require the approval of the township commissioner of the State Highway Department: Hontz v. Hollenback Township, 85 Pa. Superior Ct. 281, 284; but when the option of purchase contained therein was exercised this approval was necessary, as required by the Act of July 14, 1917, P. L. 840, and its amendments, and a contract in violation thereof was void, and the Act of April 30, 1925, P. L. 402, makes the supervisors' failure to comply therewith a misdemeanor.

The fourth finding of fact constitutes a violation of the Act of 1917, supra.

The fifth finding of fact is not a violation of a specific requirement of the statute. It shows a careless method of carrying on the township business but, standing alone, does not constitute grounds for removal.

The facts referred to above, other than the fifth finding of fact, occurred prior to the term of office of Piatt and during the terms of office of Quick and Harrison.

Upon consideration of the above facts and the law applicable thereto, we are forced to the conclusion that in the purchase of the stone crusher, without the approval of the township commissioner, and in the purchase of the pipe from Eastern Culvert Corporation without a written contract first approved by the township commissioner, the supervisors violated a clear statutory duty and that therefore the offices of Quick and Harrison as Supervisors of Fairmount Township should be declared vacant and others appointed in their stead.

What we had occasion to say in In re Moyer et al., 22 Luz. L. Rep. 130, may well be repeated here:

"While we recognize the many hardships and difficulties which confront supervisors in the discharge of their duties, and the lack of appreciation of their constituents for work well done, we must adhere to the laws fixing their duties and responsibilities and limiting their authority in the premises.

"We do not find that the respondents are guilty of any fraud or dishonesty, nor is it necessary that there should be such a finding in reaching our conclu-

sions. It is sufficient if there were present only the intention to evade and the actual evading of the requirements of the law.

"As we rest out decision upon the above findings, it is unnecessary to consider the other allegations of the petition."

We find no substantial grounds for removal of Piatt. Accordingly—

Rule absolute as to Quick and Harrison, and their offices as Supervisors of Fairmount Township are declared vacant; their successors will be appointed by subsequent order; rule as to Piatt discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.