## Wilkes-Barre Connecting Railroad Company, Appellant, v. Kingston Borough.

Argued October 9, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Paul Bedford,* with him *Joseph Rosch* and *Thomas L. Ennis,* for appellant.

*William J. Fahey,* with him *Charles B. Lenahan,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1935:

The Borough of Kingston had entered into a contract with Andrew J. Sordoni for the building of a sewer about a mile long. Under the terms of the contract, the contractor was obligated to bear the expense of protecting any structures (including railroads) against damage arising from the work. The sewer crossed the right-of-way of the Wilkes-Barre Connecting Railroad Company and permission was given by it to lay the sewer therein. The contract price for the work was in excess

of $149,000. As the construction was being proceeded with, it apparently became necessary to safeguard the tracks of the railroad company, and the borough entered into a contract with it, in which the railroad granted to the borough a license to build the sewer underneath and across its right-of-way and the borough agreed to bear the cost of any necessary safe-guarding work. This contract was executed in the municipality's behalf in pursuance of a resolution of the borough council, which authorized the president of council and the borough secretrary to execute it. Neither the resolution nor the contract was submitted to the burgess, and he did not approve the one or execute the other. When the work was completed, the railroad company rendered a bill to the borough for $8,476.27, the cost of doing the work, which the borough refused to pay, setting up, among other defenses, the failure of the burgess to approve the resolution or execute the contract.

The case was tried before Judge VALENTINE of the court below, sitting without a jury. He held that the passage of the resolution authorizing the contract was a legislative act requiring the approval of the burgess, and, relying for his conclusion upon Jones v. Schuylkill Light, Heat & Power Co., 202 Pa. 164, and Eddy v. Ashley Boro., 281 Pa. 4, he decided that the contract was invalid, and entered judgment for the defendant.

It is the contention of the railroad company that the contract was a relatively small one, incidental to the main contract, and of an emergency nature, and that for these reasons the approval of the burgess to the resolution and his signature to the contract were not required. Its counsel calls to our attention Aspinwall-Delafield Co. v. Aspinwall Boro., 229 Pa. 1, Com. v. Jones, 283 Pa. 582, and Garr v. Fuls, 286 Pa. 137, as sustaining the validity or enforceability of the contract. We are compelled to conclude otherwise. These cases differ widely from the instant case in their facts.

The General Borough Act of May 4, 1927, P. L. 519, article X, section 1007, 53 P. S., section 12897, provides in part: "Every ordinance and resolution, except as herein otherwise provided, passed by the council, shall be presented to the burgess for his approval." In Jones v. Schuylkill Light, Heat & Power Co., supra, speaking of a similar provision in the Act of May 23, 1893, P. L. 113, we said (page 167) : "The construction placed on this section of the act and on sections providing for advertisement and recording is that they apply to all acts of the council by ordinance or resolution which are of a legislative character, but not to those that are merely ministerial or executive. Generally under the first are permanent regulations for the government of the borough, the granting of privileges to occupy streets, and the creation of liability by contract; under the second, the transaction of current business, the ordinary administration of municipal affairs and the awarding of contracts which have been previously authorized." In Com. v. Jones, supra, we called attention to the rule that "He who deals with a municipality must recognize that it can contract only upon such terms as the legislature has seen fit to prescribe," and in Harris v. Phila., 283 Pa. 496, 503, we said: "It has been uniformly held, and may now be regarded as the general rule in this State, that, where a statute provides a method or formal mode of making municipal contracts, such provision is mandatory and must be observed, otherwise the contract is not enforceable against the municipality."

Aspinwall-Delafield Co. v. Aspinwall Boro., supra, much relied on by appellant, presents no analogy to the present case. There, the plaintiff had constructed a sewer before its land was annexed to the borough. By virtue of a written agreement between the plaintiff and the borough, the sewer, upon completion of the annexation, was to pass into the control and ownership of the borough, subject to the continued right of the plaintiff company to use the sewer free of any connecting charge.

The question at issue was whether the borough could refuse to allow the use of the sewer, except on payment of a fee for connecting thereto, in face of its positive agreement to exempt the lots of the company from the connecting charge, and of its acceptance of the sewer which was turned over to it with this express reservation. We held that it could not, notwithstanding the fact that the agreement was executed by the borough authorities in pursuance of a resolution which lacked the approval of the burgess. It appeared that under the contract the borough had been for five years in full control and ownership of the sewer. The point of the decision was that the borough could not occupy the property of the plaintiff and repudiate the conditions on which it had received it, and that the contract had been ratified by the borough's acts.

We are in agreement with the conclusion of the court below that the contract was a new undertaking and cannot be regarded as incidental to the main contract made with Sordoni.

The judgment is affirmed.