Mateer et al., Appellants, v. Swissvale Borough et al.

Argued March 22, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*A. F. Burkardt,* for appellants.

*John R. Dierst, Jr.,* with him *Carl D. Smith, Ira R. Hill* and *Wright & Rundle,* for appellees.

OPINION BY MR. JUSTICE MAXEY, June 19, 1939:

By bill in equity two taxpayers of Swissvale Borough sought to enjoin the borough, its members of council, its burgess and a bidder, from executing and carrying out the terms of an agreement for the disposal of the garbage and rubbish in the borough. The bill complained of, inter alia, the "failure to advertise for bids in a newspaper circulating generally in the borough; failure to enact an ordinance authorizing the contract, and abuse of discretion by council." A responsive an-

swer denying the complaints was duly filed by the Borough and its officials, but the bidder, John T. Hoffman, failed to file an answer until the case was on for hearing. The court below stated that the "judgment pro confesso was taken against him the morning when the hearings first opened. All parties later agreed that the trial chancellor was correct in striking this judgment from the record and giving Mr. Hoffman his opportunity to defend. Through his counsel he adopted the answer of the Borough." Thus, the issue was joined on bill and answer.

Testimony was taken only on behalf of the complainants, and when they rested, a motion for dismissal of the bill was made by the defendants and allowed by the Chancellor. Exceptions were duly filed and the court in banc dismissed the exceptions. This appeal followed.

The evidence of the complainants consisted of admitted averments of the bill by the answer and of oral testimony. The evidence showed the following situation: Under its corporate powers Swissvale Borough passed an ordinance March 11, 1931, known as Ordinance No. 1014 for "regulating the collection and disposal of garbage and providing penalties for the violation of the same." This ordinance does not provide for the advertising for bids for contracts to remove the garbage. Apparently, although the ordinance is not offered in evidence and is not set forth in full in the record, a prior ordinance was passed on the 15th day of February, 1927, known as Ordinance No. 883, for the collection and disposal of garbage. Whether this ordinance provided for bids is unknown. However, in Ordinance No. 1081, it was recited that "since the passage" of the 1927 ordinance, "all contracts for the collection and disposal of garbage . . . have been awarded by the Borough Council to the lowest responsible bidder. . . ." Despite the failure of the ordinances to provide for advertising for bids. for con-

tracts, the Borough Council in previous years, at regular meetings, authorized and directed the proper officers of the Borough to prepare specifications for the collection and disposal of garbage from the dwellings and business houses of the borough. The court below found that "the successful bidder, Hoffman, . . . had held the contract for a number of years and with apparent satisfaction of the authorities and the people of Swissvale." At the regular meeting held in December, 1937, the Borough Council authorized the preparation of specifications for the collection and disposal of the Borough's garbage and advertised for bids in the Wilkinsburg Gazette. At the council meeting held on January 3, 1938, two bids were received and both were rejected. At the same meeting, council directed the readvertisement for new bids to be opened February 3, 1938. This proposal was advertised once a week for three weeks in the regular editions of the Pitcairn Express, the newspaper which had been designated as the official newspaper of the borough, there being no newspaper published or printed in the Borough of Swissvale. On February 3, council at its meeting received bids from the same two bidders, one bid being for $18,450 for one year; the other, that of John T. Hoffman, being for $17,846 for one year and $51,000 for three years. Council accepted the latter bid and two days later a final contract was entered into with Hoffman for a period of three years for $51,000. No special ordinance was adopted by the council immediately preceding the letting of this contract. On March 24, 1938, this bill of complaint was filed, and when the question raised by the bill, to wit, that Ordinance No. 1014 was not broad enough to allow council to enter into such a contract, council, on April 12, 1938, passed an ordinance, known as No. 1080, amending Ordinance No. 1014, "authorizing and directing the proper borough officers to advertise from time to time for bids for the collection and removal of garbage . . .; to enter into a contract or contracts with

the successful bidder and otherwise provide for continuous collection and removal of the garbage. . . ." On the same day this ordinance was approved by the Burgess, and council also passed Ordinance No. 1081, ratifying the contract between the borough and John T. Hoffman for the collection and disposal of garbage, which was executed February 5, 1938. This was likewise approved by the Burgess. These last two ordinances, Nos. 1080 and 1081, were part of the answer filed in the court below and were found as a fact in the opinion of the lower court.

The court below also found that "the testimony discloses and the plaintiffs do not now urge that there was any suppression of bidding or that the common standard of giving an opportunity to those who might be desirous of bidding, were denied knowledge that the proposed contract would be before council." There was no evidence by the plaintiffs, either in the nature of interested parties or opinion evidence, that the contract entered into between the Borough of Swissvale and the defendant, John T. Hoffman, was not a fair contract under the circumstances, or that the taxpayers would be deprived of any money by reason of said contract. The bill of complaint indicated that the contract for the disposal of the garbage and rubbish might be too high. It was conceded at the hearings in this proceeding and, later, before the court in banc, that there was neither adduced nor was there submitted any testimony along this line. None of the findings of fact by the court below were assigned as error by the appellants who now complain of them. The question raised by the appellants go to "the failure to advertise for bids in a newspaper circulating generally in the borough" and the "failure to enact an ordinance authorizing the contract." We must therefore decide whether or not the Pitcairn Express is a newspaper of general circulation in the Borough of Swissvale. The complainants offered ten witnesses, consisting of the two complainants, two coun-

cilmen, one former burgess, one of the attorneys for the plaintiffs, two taxpayers, the postmaster and the publisher. One of the councilmen testified that he received the paper by mail; that he knew it had been designated as the official newspaper for this borough, and that other proposals for bids had been advertised in this paper. Most of the others testified "that they had inquired at certain newstands seeking the purchase of the 'Pitcairn Express' and were unable to purchase the same." The postmaster of Pitcairn testified that this paper was entered as second class mail and that copies were shipped from his office once a week, but he could not tell how much was shipped into the territory of Swissvale. The publisher was the complainant's witness and he testified that he received a subpœna duces tecum calling for his circulation records, but that he "got the subpœna at six o'clock last night. This is our publication day, . . ." and that he "did not have sufficient time to get them together. . . ." He testified that the Pitcairn Express is published in Pitcairn, in Allegheny County, and is sold in Swissvale and delivered to subscribers there by mail and through his distributing agent, a Mr. Finland. He testified that he published the paper continuously since 1932 and that the subscription price is one dollar per year. He further testified that legal notices were advertised in his paper by the government, the state, the county and school districts. The court below found as a fact "that under the evidence submitted that the Pitcairn Express is and was a newspaper of general circulation at the time the advertisements were inserted in said paper and the contract was entered into by the council. Even members of the council testified that the reason for advertising in a newspaper close to the borough, rather than a metropolitan newspaper, was strictly in the interest of economy, and these councilmen were opposed to the contract as let." We cannot adjudge this finding unsupported by evidence. The "Newspaper Advertising

Act" of May 16, 1929, P. L. 1784 (45 P. S. sec. 3 (4)
defines a "newspaper of general circulation" as "a news-
paper issued daily, or not less than once a week, in-
tended for general distribution and circulation, and
sold at fixed prices per copy per week, per month or
per annum, to subscribers and readers without regard
to business, trade, profession or class." The finding by
the court below that the " 'Pitcairn Express' was a news-
paper of general circulation in Swissvale, at the time
of the advertisement," was amply warranted.

The Acts of June 9, 1931, P. L. 386, sec. 13, and May
21, 1937, P. L. 767, sec. 1 (53 P. S. 13365) which amend
the Borough Code of May 4, 1927, P. L. 519, Art. XII,
sec. 1202, cl. LIII, and May 8, 1929, P. L. 1636, sec. 7
(53 P. S. 13365), regulate the making of borough con-
tracts and provide "that all contracts . . . made by any
borough involving an expenditure of over five hundred
dollars . . . shall not be made except . . . after due
public notice . . . published once a week for three weeks
at intervals of seven days in one newspaper published
in such borough, and, if no newspaper is published
therein, then by publication in one newspaper printed
in the county and circulating generally in the bor-
ough; . . ." The appellants complain that there was
no formal ordinance here of the borough council author-
izing the advertising of bids or awarding the contract,
and that the final contract in writing executed by the
borough officials and Hoffman is not enforceable against
the municipality. As already noted, the Borough of
Swissvale, since Ordinance No. 883 was passed on
February 15, 1927, has been awarding contracts for the
disposal of its garbage to the lowest responsible bid-
ders. The subsequent Ordinance No. 1014 passed on
March 11, 1931, was intended not only to regulate "for
the care and removal of garbage and other refuse mate-
rial" under the general corporate powers of the borough
as prescribed in the Borough Code of May 4, 1927, P.
L. 519, Art. XII, sec. 1202, cl. XIII, XIV and XV (53

P. S. 13325, 13326, 13327) but to contract with ". . . the collector . . . and all persons engaged in collecting and removing garbage . . . whether under contract or not. . . ." We agree with the conclusion of the court below that "this ordinance . . . gave the elected authorities sufficient power to carry on their duties of proper sanitary garbage disposal. . . ." This court has held that "the making of an express contract by a borough is a legislative act which can be only by appropriate ordinance or resolution with the concurrence of the burgess," and that the statutory mode of creating such contracts is mandatory: *Nuebling et al. v. Topton Boro.*, 323 Pa. 154, 185 A. 725. See also *Wilkes-Barre Connecting R. R. Co. v. Kingston Borough,* 319 Pa. 471, 181 A. 564, and *Morganstein Electric Co. v. Coraopolis Borough,* 326 Pa. 154, 191 A. 603. Here the borough had legal authority to advertise for bids, and this was done in conformity with the law by placing the advertisements in a newspaper of general circulation in the borough, once a week for three weeks at intervals of seven days. The award was made to the lowest bidder. It was then the duty of the borough to enter into a contract with the bidder. This should have been done by formal ordinance or resolution. Under a mistaken belief that this was not required, because "all contracts for the collection and disposal of garbage . . . have been awarded by the Borough Council to the lowest responsible bidder, after due advertising, upon motion . . . ." "since the passage of Ordinance No. 8883 on the fifteenth day of February, 1927," the council awarded this contract without formal resolution or ordinance approved by the burgess. Since everything was done that should have been done in accordance with law, except the formal awarding of the contract, the council, by Ordinances Nos. 1080 and 1081 (supra), amended the Ordinance No. 1014, by authorizing bids for collection of the garbage and entering into a contract with the successful bidders, and ratifying the contract between the borough and

John T. Hoffman. We believe that these public officials were acting in good faith in the execution of the power conferred upon this municipal corporation, and that when the error was called to their attention they did what was proper under the circumstances, namely, ratified the contract by proper corporate action. In *Millvale Borough, Howard's Appeal,* 162 Pa. 374, 393, 29 A. 644, this court said: "The previous authorization of the contract by resolution was not void in itself. It was not affected by any badge of fraud, nor by want of capacity in the members of council. The ordinance is subject really, only to the objection that it ought to have been enacted at a somewhat earlier date. But that circumstance does not avoid it, and it was still directly applicable to all subsequent work. As to previous work it is certainly good by way of ratification. Dillon on Municipal Corporations, sec. 385, 'A municipal corporation may ratify the unauthorized acts and contracts of its agents or officers which are within the corporate powers, but not otherwise.' " McQuillan on Municipal Corporations (2nd ed.), Vol. 3, sec. 1358, lays down the general rule that "it is well settled that contracts which are within the scope of the corporate powers but not authorized by proper action of the municipal corporation, that is, contracts not ultra vires, may be ratified by the proper corporate authorities. . . ." This contract, for the removal and disposal of the borough garbage, was *intra* vires, entirely within the corporate powers of the borough, and *not ultra* vires, and such ratification is equivalent to previous authority. As this court said in Millville Borough (supra) : "Upon the whole case we feel constrained to affirm the action of the court below."

The decree is affirmed. Costs to be paid by the Borough of Swissvale.