**AMERICAN LA FRANCE FIRE ENGINE CO., Inc., to Use of AMERICAN LA FRANCE & FOAMITE INDUSTRIES, Inc., v. BOROUGH OF SHENANDOAH.**

No. 7388.

Circuit Court of Appeals, Third Circuit.

Nov. 26, 1940.

James J. Gallagher, of Mahanoy City, Pa., M. V. McGuire, of Shenandoah, Pa., and D. J. Boyle, of Tamaqua, Pa., for appellant.

E. V. McLaughlin, of Scranton, Pa., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

On September 6, 1927 the plaintiff delivered to the defendant, the Borough of Shenandoah, Schuylkill County, Pennsylvania, two metropolitan triple combination fire trucks. These trucks were delivered pursuant to a lease contract which was executed by the president and secretary of the Borough Council who purported to act on behalf of the Borough. The contract, however, was invalid because the action of the Borough Council authorizing it was informal and was not submitted to the burgess for his approval as required by Sec. 1007 of the General Borough Act, 53 P.S. § 12897, and because the officers who signed it had no authority to do so. By the terms of the contract the Borough was to pay a total rental of $31,168.01 in installments over a period of 84 months after which upon the payment of an additional sum of $1.00 title was to vest in the Borough. The Borough paid $16,766.36 but on and after December 19, 1932 it was in default. The plaintiff repossessed the fire trucks September 24, 1935. Thereafter, by bill in equity, it sought to recover the fair rental value of the trucks for the period from September 6, 1927 to September 24, 1935, less the payments already made. The case, tried without a jury, resulted in judgment for the plaintiff. The Borough has appealed.

Both parties agree that the contract was invalid because the statutory requirements were not met. It follows that no action would lie upon the express contract. Wilkes-Barre R. R. Co. v. Kingston Boro., 319 Pa. 471, 181 A. 564. Nor may recovery be had against the Borough upon an implied contract to pay the value of the fire apparatus. Kreusler v. McKees Rocks School District, 256 Pa. 281, 100 A. 821; Willis Bancroft, Inc., v. Millcreek Twp., 335 Pa. 529, 6 A.2d 916.

The plaintiff, recognizing that the contract gave it no legal rights, brought suit, not upon the contract for the rental reserved nor upon an implied contract for the value of the apparatus, but rather upon the theory of a quasi-contract obligating the Borough to pay the reasonable rental value of the apparatus while it was in its possession. The distinction between express and implied contracts on the one hand and quasi-contracts on the other is basic. It has been succinctly stated by Mr. Justice Stern in Cameron v. Eynon, 332 Pa. 529, 532, 3 A.2d 423, 424, thus: "A quasi contract arises where the law imposes a duty upon a person, not because of any express or implied promise on his part to perform it, but even in spite of any intention he might have to the contrary. A quasi contract, which is a fictional contract, is not to be confused with a contract implied in fact, which is an actual contract, and which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances."

To the same effect is Comment (a) to the Restatement of Contracts § 5 that: "Implied contracts must be distinguished from quasi-contracts, which also have often been called implied contracts or contracts implied in law. Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice."

The Supreme Court of Pennsylvania has recognized that the law for

reasons of justice may impose an obligation upon a municipality to pay for benefits received under an invalid contract. Cameron Bank v. Aleppo Twp., 338 Pa. 300, 13 A.2d 40. In discussing this question in Luzerne Township v. Fayette County, 330 Pa. 247, pages 252, 253, 199 A. 327, page 330, the court said: "It is true that, in order to avoid results involving obvious injustice, the courts of some jurisdictions, including our own, have held that, where a municipality or other local agency of government has voluntarily accepted and retained the benefits of a contract which it had the power to make but which was defective in the method of its execution and consequently invalid, the party who, by furnishing labor or material, has conferred such benefits, may recover compensation therefor in a suit, not on the invalid contract itself, but upon a quantum valebat, quantum meruit, or for money had and received. See article on 'Quasi Contractual Liability of Municipal Corporations' by Professor Tooke, 47 Harvard Law Review 1143. Common honesty requires that a municipality or other governmental agency should not be allowed, any more than a private individual, wholly to repudiate an obligation of which it has deliberately appropriated the benefits, and, in such cases, if the municipality does not restore the property which it has received, an implied obligation to make compensatory payment for it arises."

■■ It is of course obvious that the law will not apply the quasi-contractual theory of recovery if the result would be to increase the municipal indebtedness to an amount exceeding the limitation prescribed by Section 8, Article 9 of the Pennsylvania Constitution P.S. Pittsburgh Paving Co. v. City of Pittsburgh, 332 Pa. 563, 3 A.2d 905. This does not mean, however, that the municipality may not undertake to pay out of current revenues for equipment or supplies to be used or services to be rendered even though the constitutional limitation has been exceeded, since no debt is added thereby to the sum total of the municipal indebtedness. Hontz v. Hollenback Township, 85 Pa. Super. 281. Nor does it mean that a quasi-contract may not be imposed upon a municipality to pay the fair rental value of equipment furnished to and used by it under similar circumstances.

■■ It is clear, moreover, that under the law of Pennsylvania the burden was upon the Borough to prove that its current revenues were insufficient to pay a reasonable rental for the apparatus. Rettinger v. Pittsburgh School Board, 266 Pa. 67, 109 A. 782; Athens Nat. Bank v. Ridgebury Twp., 303 Pa. 479, 154 A. 791. In the present case the Borough failed to meet this burden. The evidence presented by it when viewed most favorably proved only that the Borough's existing indebtedness exceeded the constitutional limitation. There was no evidence as to the extent of the Borough's revenues for the years in question.

We find no merit in the Borough's contentions that the plaintiff was under a duty to mitigate damages; that the plaintiff was guilty of laches and that there was no competent proof as to reasonable rental value.

The judgment of the district court is affirmed.