## SIMMONS v. QUICK.
### No. 180.

Municipal Court of Appeals for the District of Columbia.
May 19, 1944.

Benjamin H. Sullivan, of Washington, D. C., for appellant.

William E. Quick, pro se.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellee, who succeeded appellant as tenant of premises used as a rooming house, sued the latter for reimbursement of a water rent which accrued during the prior tenancy. Payment had been made by appellee after the municipal authorities threatened immediate suspension of water service.

No express contractual obligation was claimed. No privity of title or contractual relationship was shown to have existed between the parties, nor was the owner of the premises made a party. The theory of the suit was that appellant owed the bill which appellee was forced to pay or be deprived of the use of the premises which would result from the termination of water service. Prior to the payment appellant had told appellee that the charge was incorrect, informed him that he had endeavored to adjust the matter with the municipal authorities but was unsuccessful because their records were imperfect, and notified him not to pay same.

At the trial appellee testified to these facts and submitted the receipted bill. No evidence was offered by appellant. Judgment was entered for appellee.

The pertinent items of the bill were:
"Previous bill Rendered...$19.39
10% Penalty on P. B. R...   1.94
                          _____
                          $21.33."

■ Appellant's contention that appellee was a mere volunteer in paying the bill is without merit. Our statute[1] and the orders issued by the Commissioners of the District of Columbia by its authority,[2] impose liability for all accrued water rent upon any person acquiring control of any premises who fails within five days to give written notice thereof to the Water Registrar. Appellee did not give such notice and thus he too became liable for the theretofore accrued water rent.

■ But this did not relieve appellant of his primary liability. As one secondarily liable, faced with imminent action by the municipal authorities, appellee was entitled to pay the accrued water rent without submitting to the threatened cutting off of his water supply, and could look to appellant for indemnity regardless of his lack of consent and notwithstanding his protest.[3]

■ In seeking reimbursement appellee stood in the shoes of the creditor. He asserts no contractual right of indemnity and could not recover more than was actually due by appellant. That amount was required to be established by evidence.

■ The statute creating the Small Claims Branch of the Municipal Court (Code 1940, § 11—808(b) provides: "The judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleading, or evidence, except such provisions relating to privileged communications."

Whether the maintenance of a municipal water system be regarded as a municipal function or a private utility, we think the water bill, prepared by an official charged with the duty of keeping records and collecting charges for water service, was admissible as evidence under the liberal terms of the statute and that it had sufficient weight under the present circumstances to make a prima facie case. Appellee had not incurred the bill. Without apparent means of disputing it, he had been required to pay it. Appellant did not testify, offered no proof, but stood upon technical objections to the sufficiency of appellee's case. This does not accord with the liberal purpose or spirit of the statute[4] and we hold that the trial court was justified in its decision.

Affirmed.

---

[1] "The Commissioners have authority to provide for the collection of water rates, in advance or otherwise, from the owner or occupants of all buildings or establishments using the water; and to provide for stopping the supply of water to any dwelling or establishment upon a failure to pay the rate, and to carry into full effect the provisions of this chapter." Code 1940, § 43—1521.

[2] "Every person, firm, or corporation purchasing or acquiring control over any real estate or premises where there is a water meter shall give notice in writing to the Water Registrar of the District of Columbia in advance of such purchase or acquisition, or not more than five days subsequent thereto, in every case where an adjustment for rent may be desired. Said notice shall contain the names and addresses of the persons, firms, or corporations who are parties to the change of ownership or control of said property. * * . * * *

"Every person, firm, or corporation purchasing or acquiring control of any real estate or premises who fails or neglects to comply with the above provisions shall be held liable for the payment of all accrued water rent. The Water Registrar is hereby authorized in his discretion to turn off the water supply in cases of neglect to comply with the provisions of this order."

[3] Metropolitan R. Co. v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L. Ed. 231; George's Radio, Inc., v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; First Nat. Bank v. Matlock, 99 Okl. 150, 226 P. 328, 36 A.L.R. 1088; Board of Highway Com'rs v. City of Bloomington, 253 Ill. 164, 97 N.E. 280, Ann.Cas.1913A, 471; American La France Fire Engine Co. v. Borough of Shenandoah, 3 Cir., 115 F.2d 866; Bailis v. Reconstruction Finance Corp., 3 Cir., 128 F.2d 857; Second Nat. Bank v. M. Samuel & Sons, 2 Cir., 12 F.2d 963, 53 A.L.R. 49.

[4] Hodgkins v. Beckner, D.C.Mun.App., 32 A.2d 113; Interstate Bankers Corp. v. Kennedy, D.C.Mun.App., 33 A.2d 165.