**Borough of Bangor v. Daly**

*Alan B. McFall,* for plaintiff.
*Elwood M. Malos,* for defendant.

WILLIAMS, JR., J., August 7, 1972.—In this action of assumpsit, the Borough of Bangor seeks to recover a license fee from defendant, who operates a refuse and garbage removal business. Defendant has filed a preliminary objection in the nature of a demurrer on the basis that the ordinance under which the borough instituted suit is invalid. The demurrer must be sustained.

From the amended complaint it appears that on December 8, 1969, the Borough of Bangor adopted an ordinance providing, in part, for the imposition and collection of a license fee of $100 per quarter-annum for the privilege of collecting refuse for pay within the borough and disposing of refuse at the Bangor refuse disposal plant. On August 3, 1970, the borough amended the original ordinance, increasing the license fee to $250 per quarter-annum, payable in advance. Both the original ordinance and the amendment provided that a licensee who disposed of refuse at the borough disposal plant would be given a credit in the full amount of the license fee as a deduction from the charges incurred during the quarter in using the disposal facility.

For several years, defendant has engaged in the business of collecting refuse from locations within the borough and refused to pay the license fee.

Under The Borough Code, the municipality has the specific power to regulate the collection and disposal of refuse within its boundaries and to impose reasonable fees and charges therefor and to erect, operate and maintain a garbage disposal plant.[1] The borough also has the authority to grant an exclusive contract

---

[1] Act of February 1, 1966, P. L. (1965) —, §101, 53 PS §46202(11), (45).

to collect and dispose of refuse[2] and the right to prevent others from removing garbage for hire.[3]

The police power to regulate the collection and disposal of refuse clearly includes the power to regulate and license those engaged in the business. Daly argues, however, that the borough's license fee of $1,000 per year is excessive and bears no reasonable relationship to the cost of enforcement of the ordinance. He points out that, while the ordinance contains regulations concerning the preparation of refuse for collection, it contains no regulations for refuse collectors nor does it impose any duties upon the Superintendent of Works to establish such regulations. In National Biscuit Co. v. Philadelphia, 374 Pa. 604, 615-16, Chief Justice Stern said:

"The distinguishing features of a license fee are (1) that it is applicable only to a type of business or occupation which is subject to supervision and regulation by the licensing authority under its police power; (2) that such supervision and regulation are in fact conducted by the licensing authority; (3) that the payment of the fee is a condition upon which the licensee is permitted to transact his business or pursue his occupation; and (4) that the legislative purpose in exacting the charge is to reimburse the licensing authority for the expense of the supervision and regulation conducted by it."

A licensing ordinance based upon the municipality's exercise of its police power must be regulatory in character and the fee provided must be of such size as to indicate that the ordinance was intended to be

---

[2] Butler v. Nuth et al., 361 Pa. 484; Mateer v. Swissvale Borough, 335 Pa. 345; Clearfield Borough v. Rider, 17 D. & C. 197.

[3] Borough of Coopersburg v. Cliff, 16 D. & C. 2d 576.

regulatory and not to provide revenue: Haller Baking Co. v. Rochester Borough, 118 Pa. Superior Ct. 501. Although a municipality must be given reasonable latitude in fixing charges to cover anticipated expenses to be incurred in the enforcement of an ordinance,[4] in the present case a purported license fee of $1,000 per year to collect refuse in the Borough of Bangor is grossly disproportionate to the expense of regulating that activity and the borough, in its brief, admits that the ordinance, as applicable to refuse collectors, cannot be supported as a true license fee. It, nevertheless, argues that the ordinance should be sustained as an exercise of the borough's power to raise revenue. This argument must likewise fall, since our Supreme Court has held on many occasions that a municipality cannot impose a revenue tax under the guise of a police or licensing regulation: Olan Mills, Inc. v. Sharon, 371 Pa. 609; Kittanning Borough v. American Natural Gas Co., 239 Pa. 210.

As in Olan Mills, Inc., supra, the present ordinance " 'does not indicate any provision for supervision or regulation of the licensee. It clearly provides for an assessment of taxes for revenue purposes, and is not an exercise of police power as a means of regulation only, and cannot be sustained as such' ": Id., at page 612.

The borough eliminates any doubt as to the true purpose of the license fee by permitting the licensee to obtain a credit of up to 100 percent of the fee if he uses the borough's refuse disposal plant. This incentive plan cannot be condoned. Section 4(E) of Ordinance No. 566, as amended by Ordinances Nos. 567 and 568, imposing a license fee upon refuse collectors, is invalid.

---

[4] Wm. Laubach & Sons v. Easton, 347 Pa. 542.

610

## ORDER OF COURT

And now, August 7, 1972, defendant's preliminary objection in the nature of a demurrer is sustained and judgment is entered for defendant.