### Nuebling et al. (to use, Appellant) *v.* Topton Borough.

Argued April 20, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Allan K. Grim,* with him *Stevens & Lee,* for appellant.

*Wm. Abbott Witman, Jr.,* for appellee.

PER CURIAM, June 26, 1936:

The Borough of Topton entered into an oral contract employing appellant, civil engineers, engaged in designing borough water plants, to investigate the suitability of certain land as an additional source of water supply and to draw up plans and specifications therefor. There is no question that such investigation was made and plans and specifications were prepared in accordance with the contract of employment, which were accepted, approved and made use of by the borough. The claim for compensation was fair and reasonable. All the members of council, except one who did not vote, verbally expressed their approval of the selection of the firm for the services, and the plans were approved by council, which passed a resolution authorizing the submission of a proposed loan to the electors to finance the contemplated project. At the same meeting, Mast was appointed borough engineer for a period of four years at no stated salary. Appellant's counsel informed the court below that he could not produce any other facts establishing the contract of employment, and a nonsuit was directed on the ground that appellant's case depended on an express contract of employment and no such proof was offered.

The making of such a contract is a legislative act which can be only by appropriate ordinance or resolu-

tion with the concurrence of the burgess: Act of May 4, 1927, P. L. 519, article 10, section 1007. As no corporate action by the borough was shown and no ordinance, resolution, minute or record of any action was taken by the council, the nonsuit was proper. We said in *Wilkes-Barre R. R. Co. v. Kingston Boro.*, 319 Pa. 471, that a statute providing a formal mode of creating municipal contracts is mandatory, and a contract which fails to meet the requirements prescribed is not enforceable against the municipality. The contract here alleged did not, in fact, exist and imposed no liability since no ordinance or resolution was adopted and signed by the burgess. See *Long v. Lemoyne Boro.*, 222 Pa. 311; *Miller v. West View Boro.*, 57 Pa. Superior Ct. 14.

Appellant contends that it is entitled to recover on an implied contract or a "quantum meruit." This is answered by the admission of appellant's counsel at the trial that unless the contract was established the fair value of the services could not be proved. The statement of claim is based on a valid express contract of employment, and where a case has been submitted, tried, and decided on a given theory, on appeal it will not be reviewed on some other theory not advanced at the trial: *Mayer v. Chelton Ave. Building Corp.*, 321 Pa. 193, and authorities cited therein.

Where one declares upon an express contract but fails to prove it, he does not become entitled to recover by proving the value of the services rendered. Recovery on a quantum meruit basis could only be upheld if there was an amendment of the statement of claim, otherwise there remained a plain intent to base the case squarely on the theory sued on: *Witten v. Stout*, 284 Pa. 410. Without deciding whether such claims could be sustained on the theory of an implied contract in the face of a statute definitely prescribing the method of fixing contractual liability, as appellant declared upon an express contract, failed to prove it, and did not change the theory by amendment, it is in no position to have

this court review the case from that standpoint. We do not, however, regard as controlling here the cases cited by appellant as giving a right to sue on an implied contract.

Judgment affirmed.