## Daccorso *v.* George F. Otto Corporation, Appellant.

Argued October 5, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

*Thomas L. Anderson,* for appellants.

*George I. Bloom,* with him *Bloom, Bloom & Yard,* for appellees.

OPINION BY MR. JUSTICE BOK, November 9, 1959:

Plaintiffs' decedent died in the accident for which they later brought suit, as administrators, under the applicable legislation for both wrongful death and survival. At trial the action for wrongful death was abandoned.

The jury found for plaintiffs in the sum of $8565, which the court below has set aside by ordering a new trial. The court has effectively limited its action to the single reason of inadequacy, and has given the following explanation: "We are convinced that in view of all the testimony offered by the plaintiffs and not contradicted in any way by the defendants on the question of damages, that the jury did not place upon this testimony the proper value or give it the serious consideration it was their duty to give under the law; therefore, we can only conclude that their verdict shows that they were neglectful, indifferent and capricious. We conclude further from a review of the record that the amount awarded the plaintiffs is grossly inadequate and the amount is patently insufficient. This verdict also does not in any way bear a reasonable resemblance to the damages which were proven and it cannot in justice to the plaintiffs' cause be allowed to stand."

The court also called the verdict "shocking and absurd" and hence has justified its action under *Elza v. Chovan*, 396 Pa. 112 (1959), 152 A. 2d 238. These words are indeed "of appropriate urgency and decisiveness."

There is nothing in the court's opinion to suggest that the verdict was a compromise and hence to be upheld under *Karcesky v. Laria*, 382 Pa. 227 (1955), 114 A. 2d 150, and *Patterson v. Palley Manufacturing Co.*, 360 Pa. 259 (1948), 61 A. 2d 861. The case rather falls within the rule of *Krusinski v. Chioda*, 394 Pa. 90 (1958), 145 A. 2d 681, where we quoted the statement of Chief Justice KEPHART in *Schwartz v. Jaffe*, 324 Pa. 324 (1936), 188 A. 295: "The power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient; an appellate

court will not interfere with its exercise of discretion in this matter unless a gross abuse appears."

In *Spence v. Stockdale Borough,* 57 Pa. Superior Ct. 622 (1914) the Superior Court well said that a verdict should be set aside for inadequacy "rather than to give countenance to a verdict so absurd as to compel the conclusion that the jury must have been influenced by partiality, passion, or prejudice, or by some misconception of the law or the evidence." See also *Murosky v. Spaulding,* 188 Pa. Superior Ct. 306 (1958) 146 A. 2d 339.

Decedent was a man of forty and in robust health. He had been an outstanding athlete in school and had won a scholarship to the University of Pittsburgh. He then did manual labor for one company for nineteen years, refusing supervisory jobs because he wanted to maintain a small orchestra in which he played. During this period he was in the Army for five years, entering as a private and emerging as a First Lieutenant with a Purple Heart and a Silver Star from his overseas experience. In 1954 he took new employment with a distilling company and worked for it until his death. He was making $435 per month, or $5220 per year, plus $115 for entertainment expenses and seven cents a mile for his car, which was valued at $2025 after the accident. He was living with his parents with little or no expense, and had saved $4400. He made $20 to $30 per week from his orchestra. He was above the average in ambition and industry.

To give such a man the pittance of $8565 is more punishment than compromise: it should not be the one and it cannot reasonably be said to be the other. Only a verdict for defendant or an amount low but substantial in the light of all of the factors in decedent's life could qualify for these alternatives.

The order is affirmed.