Phelps *v.* Paul L. Britton, Inc., Appellant.

Argued March 22, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Stuart A. Culbertson, with him Paul E. Allen, for appellant.

Paul D. Shafer, Jr., with him Shafer, Shafer and Dornhaffer, for appellee.

Vincent J. Pepicelli, for appellee.

OPINION BY MR. JUSTICE COHEN, June 4, 1963:

Plaintiff was employed as a carpenter in the construction of a church in Crawford County. A committee of the church headed by the pastor, Reverend Toland, was in charge of the construction with John Chamer, a committee member, serving as foreman of the work.

In building the church, it was necessary to erect large wooden arches between which were placed cross-timbers known as purlins. In order to raise these arches and purlins, the church committee made a contract with defendant, Paul L. Britton, Inc. (Britton), whereby the latter would supply at the rate of $16 per hour a crane and two operators—Spearly, a crane operator, and McConnell, a signalman and oiler.

On the day in question, plaintiff was working on a movable scaffold about 15 feet above the ground "toe-nailing" purlins into place. As was the normal procedure, plaintiff removed the sling attached to the purlin and dropped the line so that another purlin could be raised. Instead of dropping free, however, the sling wrapped around the scaffold with the result that when Spearly, the crane operator, started to retract the line, the scaffold was tipped throwing plaintiff to the cement floor below. There was no direct testimony as to why the line did not drop free or as to whether the sling had attached to the scaffold prior to the time when Spearly was given the signal to retract the line.[1]

Plaintiff brought suit against defendant Britton on the theory that its employee McConnell had given a signal to retract the line before it was safe to do so. Defendant denied liability and joined Reverend Toland and John Chamer, the foreman, as additional defendants.

At trial, compulsory nonsuits were entered in favor of the additional defendants, and the jury returned a verdict of $6,000 against the original defendant. Britton's motion for judgment n. o. v. and to take off the nonsuits were denied. Plaintiff's motion for a new trial on the ground that the verdict was inadequate was granted, the court below limiting the new trial to the issue of damages. This appeal followed.

We are confronted with these questions: (1) whether the court below properly entered compulsory nonsuits in favor of the additional defendants; (2) whether the court below properly refused the original defendant's motion for judgment n. o. v.; and (3) whether the

---

[1] The lack of direct evidence on these questions is partly attributable to the fact that McConnell, the alleged tortfeasor, died prior to trial and also to the fact that plaintiff, frightened by the sudden movement of the scaffold, was not clear on the details of the accident.

court below properly granted a new trial limited to the issue of damages alone.

Taking first the question of the nonsuits, we hold that the court below acted correctly in this matter. There was no evidence from which the jury could reasonably conclude that either of the additional defendants were personally negligent. The undisputed facts disclose that both were engaged in another operation 40 feet away from the place where the accident occurred. Nor can either be held liable on a respondeat superior theory since neither was the employer of the alleged tortfeasor. Hence the court below correctly concluded that there was no possible basis upon which to impose liability against the additional defendants.[2]

Moving next to the motion for judgment n. o. v., appellant presents two arguments: (1) there was no evidence that McConnell was negligent; and (2) even if McConnell were negligent, he was the borrowed employee of the church committee at the time of the accident and therefore the church committee and not appellant is liable for his negligence.

Viewing the record most favorably to plaintiff, the verdict winner, we find that there was sufficient evidence from which the jury could reasonably conclude that McConnell negligently gave a signal to retract the line when it was unsafe to so do. Negligence may be established by circumstantial evidence. *Carter v. United Novelty and Premium Co.,* 389 Pa. 198, 132 A. 2d 202 (1957) ; *Karcesky v. Laria,* 382 Pa. 227, 114 A. 2d 150 (1955).

A more difficult question is raised by the contention that McConnell was the borrowed servant of the church committee. Where one is engaged in the business of renting machinery and furnishes an operator as part

---

[2] Britton also joined as an additional defendant Archbishop Gannon, the titleholder of the land. There has been no appeal from the compulsory nonsuit entered in favor of the Archbishop.

of the hiring, there is a presumption that the operator remains the servant of his original master. *Pennsylvania Smelting & Refining Co. v. Duffin,* 363 Pa. 564, 567, 70 A. 2d 270, 271 (1950). But this presumption may be overcome by evidence that the borrowing employer assumed control over the employee's manner of performing the work. *Mature v. Angelo,* 373 Pa. 593, 596, 97 A. 2d 59, 61 (1953). In each case, of course, the relationship with regard to the particular act in question must be examined. Restatement (2d), Agency, §227, comment a (1958).

There was conflicting testimony as to the actual control exercised by the church committee over the manner in which the work was performed. In such a situation, the issue of whether McConnell was the borrowed employee of the church committee was properly for the jury and thus appellant's motion for judgment n.o.v. was correctly denied.

Turning finally to the question of whether a new trial could properly be ordered on the issue of damages alone, we find that the court below committed error. The evidence presented below indicated that plaintiff incurred medical bills totalling $4,895.85, that he was unable to work full-time for a period of four and a half years, and that his future earning capacity was impaired. Under these circumstances, the court below concluded that the jury's verdict of $6,000 was grossly inadequate.

The grant of a new trial is within the discretion of the trial judge and will not be disturbed on appeal in the absence of a showing of an abuse of discretion or an error of law which would alter the outcome of the case. *Greco v. 7-Up Bottling Company of Pittsburgh,* 401 Pa. 434, 165 A. 2d 5 (1960). While verdicts which are "substantial,"—although not fully compensatory—have been upheld so long as they are not capricious on the basis that compromise verdicts are per-

missible,[3] we cannot say in this case that the court below abused its discretion in overturning the verdict of the jury and ordering a new trial.

However, new trials may be limited to specific issues only when this procedure will be fair to both parties. Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone. *Friedman v. Matovich,* 191 Pa. Superior Ct. 275, 156 A. 2d 608 (1959); Annot. 29 A.L.R. 2d 1199, 1209 (1953); Annot. 75 L. ed. 1191, 1209 (1931).

Although in the instant case the jury could reasonably conclude that McConnell was negligent and that he was not the borrowed servant of the church committee, these questions were certainly not free from doubt. Coupled with the inadequate verdict, these circumstances give rise to a strong suspicion that a compromise verdict was reached. Consequently, it was unfair to appellant, as well as an abuse of discretion, for the court below to order a new trial limited to the question of damages.

Accordingly, the order appealed from is modified so that a new trial is granted as to all issues in the action of Phelps v. Paul L. Britton, Inc., and, as so modified, the order is affirmed.

Mr. Justice MUSMANNO would affirm without modification.

---

[3] A compromise verdict is one where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, brings in a verdict for the plaintiff but in a smaller amount than it would have if these questions had been free from doubt. See *Karcesky v. Laria,* 382 Pa. 227, 234-35, 114 A. 2d 150, 154 (1955); *Hilscher v. Ickinger,* 194 Pa. Superior Ct. 237, 242-43, 166 A. 2d 678, 680-81 (1960).