Opinion by
 

 Spaulding, J.,
 

 This is an appeal by defendant (appellant) Pearl Morris, from an order of Court of Common Pleas No. 7 of Philadelphia County granting a new trial restricted to the issue of damages because of inadequacy of the jury verdict.
 

 On November 29, 1961, Clare Rutter, the minor plaintiff (appellee) sustained injuries as the result of an accident at Moyamensing Avenue and McClellan Street in Philadelphia, Pennsylvania. Appellant was driving her automobile south on Moyamensing Avenue at approximately 20 miles per hour. The evidence is conflicting as to whether the appellant’s car struck the appellee or if she ran into the side of it; whether the appellee stepped into the street at a crosswalk or darted out from between two parked trucks. The evidence is not clear as to whether the appellant was negligent and the appellee contributorily negligent.
 
 [1]
 
 It
 
 *468
 
 was uncontradicted, however, that the appellee did not look to her left until she was in the middle of defendant’s traveling lane and that the defendant did not sound her horn.
 

 The appellee sustained a compound fracture of the left ankle requiring hospitalization. A skin graft was performed and the ankle was recast. Dr. Irvin Stein, who testified for the plaintiffs, stated that the operation achieved “a remarkably good result” and concluded that “the skin looks quite good.” He further testified that the appellee would continue to feel aches in her ankle in cold weather and that a “little bit of wobble remained.”
 

 At a jury trial a verdict of $500 was returned in favor of the minor appellee and $2163 in favor of her father and guardian.
 
 [2]
 
 The appellee filed a motion for a new trial limited to damages alone. The appellant filed motions for a judgment n.o.v. and a general new trial. Appellant’s motions were denied and a new trial limited to damages was awarded.
 

 Appellant’s appeal raises three grounds. First, it is contended that the trial court should have granted a judgment n.o.v. for the appellant because there was no evidence of her negligence. The law is well established that “on appeal from the denial of a motion for judgment n.o.v., the evidence must be viewed in the light most favorable to the verdict winner. Evidence supporting the verdict is considered and the rest is rejected. Conflicts in testimony are resolved in favor of the verdict winner.”
 
 Glass v. Freeman,
 
 430 Pa. 21, 240 A. 2d 825 (1968);
 
 e.g., Connolly v. Phila
 
 
 *469
 

 delphia Transportation Co.,
 
 420 Pa. 280, 216 A. 2d 60 (1966). In the instant case, the evidence was clearly conflicting in several important respects and the jury was not unjustified in concluding the appellant was negligent. Consequently, her motion for a judgment n.o.v. was properly denied.
 

 Second, appellant alleges it was an abuse of discretion for the trial court to set aside the verdict as inadequate. Although compromise verdicts are permissible, El
 
 za v. Chovan,
 
 396 Pa. 112, 115, 152 A. 2d 238 (1959), the trial court has long possessed the authority to set aside a verdict it considers woefully inadequate or patently insufficient.
 
 Daccorso v. George F. Otto Corporation,
 
 397 Pa. 328, 329, 155 A. 2d 199 (1959) ;
 
 Krusinski v. Chioda,
 
 394 Pa. 90, 100, 145 A. 2d 681 (1958). However, to support the granting of a new trial for inadequacy, “the injustice of the verdict should stand forth like a beacon.” So long as the verdict bears a reasonable resemblance to the damages proved, it is not the function of the court to substitute its judgment for that of the jury.
 
 Elza v. Chovan, supra,
 
 at 118;
 
 Morris v. Peckyno,
 
 202 Pa. Superior Ct. 490, 492, 198 A. 2d 396 (1964). In the latter case, Judge Wright, now President Judge, quoting 15 Am. Jur., Damages, §231, stated “ ‘As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff, or where the
 
 *470
 
 award is so inadequate that it should not be permitted to stand. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more’.”
 

 In the case at bar, the court below concluded: “An award of $500 for anxiety, fear, humiliation and pain and suffering, as well as past, present, and future discomfort and embarrassment is a vague characterization of the minor plaintiff’s injuries, shocks the conscience of the court, and is so woefully inadequate that it becomes absurd.”
 
 [3]
 
 Thus, we find no abuse of discretion by the trial court in setting aside the instant verdict.
 

 Third, appellant asserts the court below abused its discretion in limiting the new trial to damages since the evidence as to liability was conflicting and appellant filed timely objections. In the leading case of
 
 Caine v. Collins,
 
 194 Pa. Superior Ct. 230, 235, 166 A. 2d 675 (1960), this court stated: “The power to grant a limited new trial is one which should be cautiously exercised” and “Ordinarily, the grant of a new trial means a new trial generally. . . .” In
 
 Phelps v. Paul L. Britton, Inc.,
 
 412 Pa. 55, 60, 192 A. 2d 689 (1963), the Supreme Court noted: “Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone.”
 
 [4]
 

 
 *471
 
 In the instant case, both the trial court and appellee’s counsel stated that the evidence was conflicting as to liability. The questions of damages and liability were not easily separable. Finally, the issue of liability had been vigorously contested by the appellant throughout. The order granting a limited new trial cannot be sustained. A general new trial must be awarded.
 

 Order affirmed as modified.
 

 [1]
 

 The minor plaintiff was eight years old at the time of the accident. This, of course, gives rise to the rebuttable presumption
 
 *468
 
 that she is incapable of negligence.
 
 Kuhns v. Brugger,
 
 390 Pa. 331, 135 A. 2d 395 (1957) ;
 
 Zernell v. Miley,
 
 417 Pa. 17, 208 A. 2d 264 (1965).
 

 [2]
 

 This figure represents the exact amount of the special damages alleged.
 

 [3]
 

 In reaching this conclusion, the trial judge also noted: “She [minor plaintiff] made at least eighteen hospital visits and underwent two operations, the second operation being a skin graft, in which skin was removed from her left thigh with a resultant disfigurement and a consequential embarrassment when exposed to others. . . .”
 

 [4]
 

 The recent case of
 
 Troncatti v. Smereczniak,
 
 428 Pa. 7, 235 A. 2d 345 (1967), is not controlling. First,
 
 Tronoatii
 
 involved an excessive verdict wherein the court concluded: “The question of
 
 *471
 
 damages is readily separable from the issue of liability.” Second, the defendant in that case made no complaint about the liability issue except that it was against the weight of the evidence, which was considered by the court to be “completely devoid of merit.”