## Gilligan *v.* Shaw et al., Appellants.

Argued May 1, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John W. Wellman,* with him *J. Joseph Herring, Jr.,* and *Fronefield, deFuria and Petrikin,* for appellants.

*John R. Graham,* with him *Crawford, Graham and Higgins,* for appellees.

OPINION BY MR. JUSTICE POMEROY, January 7, 1971:

This is an appeal from an order of the lower court granting a new trial following a jury verdict in favor of defendants. The action was brought to recover damages for personal injuries and property damages resulting from a collision between a truck owned by defendant Shaw and operated by defendant King, appellants, and an automobile operated by the wife-plaintiff who, together with her husband, are appellees.

Appellee Margaret Gilligan, driving east on Springfield Road in Delaware County, was stopped at a red light at a point where the road crossed the trolley tracks of Philadelphia Suburban Transportation Company. Appellant King, driving a truck owned by Shaw, collided with the Gilligan car from the rear, causing the personal injuries to Mrs. Gilligan and the damages to her husband's car for which suit was brought. The accident occurred during the daylight, and the highway was clear and dry.

The defense, supplied largely by appellant King and uncontradicted, was that he was familiar with the locale, but because of a curve in the road, he could not see the Gilligan car until he was approximately fifty-five feet away from it; that the road at that point commenced a descending grade toward the intersection; that he, King, was then proceeding at about 20-25 miles per hour; that upon seeing the Gilligan car he applied his foot brake, which, although it had been working

properly beforehand, then failed to respond; that he then shifted from high gear to second gear, which reduced his speed to about 5 to 10 miles per hour, and groped for his emergency brake handle beneath the dashboard, but failed to find it in time; that he considered pulling off to a parking lot on the right, but pedestrians were in the way; that he did not look to his left, which might have provided an avenue for avoiding collision, but also might have brought him into collision with oncoming traffic had the traffic light then turned to green. The fact that the brake had failed was corroborated by appellant Shaw, who drove the truck from the scene of the accident to a garage. There was evidence by the garageman that brake repairs were made to the truck the day following the accident.

Plaintiffs moved for a new trial for the customary reasons, and for alleged error in the charge as to the law pertaining to sudden emergency; they also moved for judgment n.o.v. on the ground that the trial judge erred in refusing their point for binding instructions. The court denied the latter motion but granted the former for the reason that "this court is of the opinion that substantial justice warrants the granting of a new trial." Although the facts of the case were reviewed in the court's opinion, no reasons were given for its conclusion that justice required a new trial.

We again find ourselves in the position of reviewing the exercise by a lower court of its discretion in granting or declining to grant a new trial. There are no yardsticks which can be applied with mathematical certainty but, in a word, the general rule is that we will not interfere with the exercise of discretion by the lower court "unless there has been a clear abuse of discretion or an error of law which necessarily controlled the grant of the new trial." *Kralik v. Cromwell*, 435 Pa.

613, 615, 258 A. 2d 654 (1969).* In *Austin v. Ridge,* 435 Pa. 1, 255 A. 2d 123 (1969), we said: "The burden of the approach outlined is to treat the legitimacy of the trial court's grant of a new trial as a function of the seriousness of the jury's departure from that result which the trial court feels is dictated by the evidence. Where the case is close and the evidence contradictory, the jury must perforce be given freer rein; but a new trial should be granted and will be upheld where the jury verdict is so opposed to the facts that the judicial conscience cannot let the result stand."

In the present case, unfortunately, the lower court did not give us the benefit of its rationale in concluding that "substantial justice" warranted the grant of a new trial. We are therefore "obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict." *Kralik v. Cromwell, supra,* at 615; *Hilliard v. Anderson,* 440 Pa. 625, 271 A. 2d 227 (1970); *Beal v. Reading Co.,* 370 Pa. 45, 87 A. 2d 214 (1952). Having done so, we conclude that no valid reason existed in this case.

There was ample evidence in this case which, if believed, would have warranted the verdict in favor of defendants. There was no countervailing evidence. We fail to see how "substantial justice" miscarried when the jury accepted the defendant King's version that he had done everything he reasonably could to avoid the collision. In this respect the case differs materially from the evidential picture presented in *Austin v.*

---

* For other recent cases in this area, see *Burrell v. Phila. Elec. Co.,* 438 Pa. 286, 265 A. 2d 516 (1970); *Austin v. Ridge,* 435 Pa. 1, 255 A. 2d 123 (1969); *Getz v. Balliet,* 431 Pa. 441, 246 A. 2d 108 (1968); *Noel v. Puckett,* 427 Pa. 328, 235 A. 2d 380 (1967); *Clewell v. Pummer,* 388 Pa. 592, 131 A. 2d 375 (1957); *Carroll v. Pittsburgh,* 368 Pa. 436, 84 A. 2d 505 (1951); *Beal v. Reading Co.,* 370 Pa. 45, 87 A. 2d 214 (1952); *Bellettiere v. Phila.,* 367 Pa. 638, 81 A. 2d 857 (1951).

*Ridge, supra,* and *Kralik v. Cromwell, supra,* both rear-end collision cases. As in *Burrell v. Phila. Electric Co.,* 438 Pa. 286, 289, 265 A. 2d 516 (1970), "we are satisfied that a new trial was not imperative" and conclude that "the lower court clearly abused its discretion in granting plaintiffs' new trial motion."

Appellees argue that the grant of a new trial is nevertheless supportable on the ground that the court erred in its charge on the doctrine of sudden emergency. We have reviewed the charge to the jury on this subject and find it to be an accurate statement of the law.

From what has been said, it follows, *a fortiori,* that defendants could not have been held liable as a matter of law; accordingly, the lower court did not err in refusing to enter judgment n.o.v. in favor of appellees as to defendants' liability.

The order granting a new trial is reversed, and judgment is here entered on the verdict.

Mr. Justice COHEN took no part in the decision of this case.