## Klotz v. Tavares

156

*Peter Rybak*, for plaintiffs.
*Frances H. S. Ede*, for defendant.

FRANCIOSA, *J.*, August 2, 1971 — This is an action in trespass, arising from a collision between a motorcycle being operated by minor-plaintiff, Harvey C. Klotz, and an automobile driven by Adelino Tavares, Jr., defendant. At the conclusion of the trial, plaintiffs obtained a verdict which the jury returned in the following manner:

"We find for the Plaintiff. We find for the Plaintiff in the amount of $3,500.00 to cover medical expenses and pain and suffering."

Since the jury voluntarily disclosed that the damages awarded covered nothing more than medical expenses and pain and suffering, plaintiffs now move the court for a new trial on the ground that the verdict was inadequate. They base their contentions upon the obvious failure of the jury to make any allowance for permanent disability, or loss of earnings or earning capacity, although there was uncontradicted testimony as to these additional items of damage.

A trial court has long possessed the power to set aside a verdict it considers woefully inadequate or patently insufficient: Daccorso v. George F. Otto Corporation, 397 Pa. 328, 155 A. 2d 199. However, a motion for a new trial limited to the issue of damages on the basis of inadequacy of the verdict is addressed to the sound discretion of the trial court. This means that the mere fact a verdict is less than the judge would have awarded had he been sitting on the jury is not sufficient reason for the exercise of such discretion. Thus, to support the granting of a new trial for inadequacy, "the injustice of the verdict should stand forth like a beacon." If the verdict bears a reasonable resemblance to the

proven damages, it is not the function of the court to substitute its judgment for the jury's: Elza v. Chovan, 396 Pa. 112, 152 A. 2d 238.

Considering the testimony in the light of the above principles of law, we have concluded that a new trial must be granted. Minor-plaintiff suffered serious and painful injuries. His treating physician, Dr. Richard Ward, an orthopedic surgeon, testified that he found minor-plaintiff in "acute distress." He diagnosed the injury as a fracture of the thigh bone at the area of the hip joint. According to Dr. Ward, two operations were required in order to return the thigh bone to its proper place in relation to the hip joint. A satisfactory alignment was not achieved until a bone fragment "with a circumference of about an inch and three quarters and a thickness of about a half an inch" was removed from the hip socket. Following the surgery, the limb had to be placed in "traction" for a period of time and then immobilized in a plaster cast for several weeks. In addition, minor-plaintiff suffered an injury to his sciatic nerve, which, in turn, caused a "foot drop." A third operation was performed to place the foot in a position "for walking." The foot operation involved a tendon transplant utilizing metal staples, a metal pin and a "pull-out wire."

No countervailing medical testimony was introduced by defendant and the cross-examination of plaintiffs' medical witness was minimal.[1] When the uncontradicted medical testimony is considered in connection with the undisputed medical expenses amounting to $2,528.20, it is difficult to believe that the jury concluded that the remaining

1. In stipulating to his qualifications defense counsel stated: "May I say to the Court for the question of qualifications, Dr. Ward has every bit of qualifications as far as I am concerned."

sum of $971.80 adequately compensated minor-plaintiff for pain and suffering.

Defendant justifies the jury's action on the theory that it "was completely a compromise verdict." Although compromise verdicts are permissible,[2] we need not be detained by that argument. Where the complaint is solely that an award for pain and suffering is inadequate, it is possible to say the verdict reflected a compromise; but where, as in the case at bar, the verdict omits items of damage for which recovery should have been allowed, the problem becomes one of entirely different nature.

We cannot ignore the uncontradicted testimony concerning minor-plaintiff's loss of earnings and the impairment to his earning capacity. He was employed as a laborer immediately prior to the accident at a weekly wage of $95. As a result of the accident he was incapacitated from doing any work for approximately 36 weeks thus establishing an actual loss in excess of $3,000 on that score. With respect to impairment of earning power, he was corroborated by Dr. Ward who stated his opinion that, as a consequence of the fracture of the thigh bone, injury to the sciatic nerve and resulting foot drop, minor-plaintiff has suffered "a permanent labor disability of 30%."

In light of the above facts, we find the verdict is patently insufficient. The amount awarded bears no reasonable resemblance to the proven damages. A plaintiff who is entitled to a verdict for damages for injuries caused by defendant is entitled to all the law provides in such a case: Todd v. Bercini, 371 Pa. 605, 92 A. 2d 538. The items of loss of wages and impairment of earning power are inevitable concomitants with grave injuries when suffered by

2. See Karcesky v. Laria, 382 Pa. 227, 114 A. 2d 150; also Elza v. Chovan, supra.

a wage earner. In our opinion, a jury may not withhold an allowance for an impairment to earning capacity and for lost wages when the evidence in the case overwhelmingly establishes that both resulted from the negligence which they, the jury, have adjudicated against the responsible defendant, and after finding, as they must have done, that plaintiff was free from contributory negligence. A new trial must be awarded.

However, in the instant case, the issue of liability was vigorously contested by defendant. The testimony of defendant that it was dark at the time of the accident and that plaintiff did not have the headlight of the motorcycle on was corroborated by disinterested witnesses. In the leading case of Caine v. Collins, 194 Pa. Superior Ct. 230, 235, 166 A. 2d 675, 677, the Superior Court stated:

"The power to grant a limited new trial is one which should be cautiously exercised" and "Ordinarily, the grant of a new trial means a new trial generally . . ." In Phelps v. Paul L. Britton, Inc., 412 Pa. 55, 60, 192 A. 2d 689, 692 (1963), the Supreme Court noted: "Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone."

Accordingly, the new trial we have decided to grant cannot be for a limited new trial and therefore, a general new trial is granted.

## ORDER OF THE COURT EN BANC

And now, August 2, 1971, the verdict of the jury is set aside for reason that it was inadequate and plaintiffs' motion for a new trial is granted. The new trial is not limited, but is awarded as to both the issue of liability and the issue of damages.