Opinion by
 

 Cercone, J.,
 

 This is an appeal from a summary judgment granted in favor of plaintiffs-appellees under Rule 1035 of the Pennsylvania Rules of Civil Procedure
 
 [1]
 
 by the Court of Common Pleas of Philadelphia.
 

 The plaintiffs filed an action in trespass for recovery of damages for physical injuries sustained by plaintiff-wife arising out of an automobile accident which occurred on the New Jersey Turnpike on the afternoon of June 28, 1970. At the time of the accident the plaintiff-wife ivas a passenger in an automobile driven by the defendant. Defendant’s automobile was proceeding in a southerly direction on the turnpike when it suddenly veered onto the paved shoulder of the highway and struck a police car that was parked on the shoulder. The operator of the police car had
 
 *392
 
 stopped his vehicle on the shoulder of the road to render assistance to a brother police officer who in another police car had stopped a speeding motorist. The paved shoulder of the road where the accident occurred was twelve feet wide. The police car of the arresting officer and the speeding motorist’s vehicle were both parked off the shoulder and on the grass berm of the road. There is some dispute as to whether the flashers on the police vehicle which was struck were on, plaintiffs alleging that the flashers were on, and defendant contending that they were not.
 

 There was no readily apparent explanation for defendant’s vehicle leaving the main surface of the roadway and striking the police vehicle. The accident occurred during daylight hours and the weather conditions were favorable. Defendant, in his deposition, testified that there was a lot of play in the steering wheel causing his vehicle to veer to the right and onto the shoulder of the roadway.
 

 After depositions were taken from the two police officers present at the scene of the accident, a third police officer who investigated the accident, and the defendant, the plaintiffs moved for summary judgment. Defendant’s request for oral argument was denied and the court granted plaintiffs’ motion for summary judgment. Defendant appeals.
 

 Summary judgment is to be rendered only if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Pa. R. C. P. 1035(b). The burden of proof that there is no genuine issue of material fact and that one is entitled to judgment as a matter of law is on the moving party and all doubts are to be resolved against him:
 
 Schacter v. Albert,
 
 212
 
 *393
 
 Pa. Superior Ct. 58, 239 A. 2d 841 (1968);
 
 McFadden v. American Oil Company,
 
 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969);
 
 Moore v. Zimmerman,
 
 221 Pa. Superior Ct. 359, 292 A. 2d 458 (1972).
 

 When passing on a motion for summary judgment, the trial court is simply to determine whether there
 
 is
 
 a triable issue of fact; it is
 
 not to decide
 
 any issue of fact:
 
 McFadden v. American Oil Company,
 
 supra. In determining whether there are any issues of fact, the trial court must accept as true all well-pleaded facts in the nonmoving party’s pleadings and his other supporting evidence, and must give him the benefit of any proper inferences that can be drawn from these sources:
 
 Toth v. Philadelphia,
 
 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968). Therefore, the question that the trial court faced in determining whether or not to grant summary judgment in favor of the plaintiff was whether the evidence presented by the defendant raised any genuine issue of material fact on the question of his liability for the accident. We are of the opinion that the case should have proceeded to trial.
 

 The plaintiffs were not entitled to judgment as a matter of law in light of the rule established in
 
 ~Na,nty-Glo Boro. v. American Surety Co.,
 
 309 Pa. 236, 163 A. 523 (1932). There the court held that where you have only oral testimony, as was the situation in the instant case, the court cannot take from the jury the opportunity to pass upon the truth and credibility of the oral testimony. This rule has been more recently enunciated by our Supreme Court in the case of
 
 Bremmer v. Protected Home Mutual Life Insurance Co.,
 
 436 Pa. 494, 498, 260 A. 2d 785 (1970), the court stating: “Additionally, it has long been the rule in Pennsylvania that where the testimony of the party having the burden of proof is oral, the credibility of that testimony is always for the jury: Kopar v. Mamone, 419 Pa. 601,
 
 *394
 
 215 A. 2d 641
 
 (1966);
 
 Exner v. Safeco Ins. Co. of America, 402 Pa. 473, 167 A. 2d 703 (1961); Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582, 152 A. 2d 484 (1959).”
 

 The defendant seems to be raising two defenses to liability on his part. First, he testified that there was play in the steering wheel and that this play caused his vehicle to veer from the roadway. Second, he contends that because of the nature of the shoulder of the roadway, and the fact that the police car he struck did not have its flashers on causing him to think that the vehicle was moving forward, he did not act unreasonably once he realized he was in this precarious position. Whether he acted reasonably with respect to both his contentions was a matter for the jury and not determinable as a matter of law.
 

 The Supreme Court in
 
 Gilligan v. Shaw,
 
 441 Pa. 305, 272 A. 2d 462 (1971), clearly indicated that where there may be mechanical defects causing an accident to occur, the driver of the possibly defective vehicle cannot be held liable as a matter of law. Liability in such a case is a matter for the jury to decide. The plaintiffs seek to distinguish
 
 Gilligan
 
 arguing that here there was some knowledge by the defendant of the defect in his steering mechanism. Their argument seems to be that the defendant acted unreasonably in not having his steering mechanism checked upon noticing some unusual play in it. However, the nature and extent of the malfunction in the steering mechanism was not clearly established, and it would be error for the trial judge to hold as a matter of law that defendant was negligent in driving his vehicle under such circumstances.
 

 A jury could properly and reasonably conclude that defendant’s vehicle was on the shoulder of the roadway, not because of any negligence by him, but rather
 
 *395
 
 because of a defective steering mechanism. A jury could also properly find that defendant acted reasonably under the circumstances when he found himself placed in such a difficult emergency situation. The shoulder of the roadway was twelve feet wide and was paved. Defendant testified in deposition that the police vehicle did not have its flashers on and he therefore thought it was moving forward. Upon noticing that the vehicle was stopped he immediately tried to move back to his left, but was unable to do so in time. These are factual issues in dispute to be decided by a jury and are not subject to a trial court’s decision on a motion for summary judgment.
 

 Since all this evidence was predicated on oral testimony and considering all of the circumstances and applicable law, we vacate the judgment of the lower court granting the plaintiffs’ motion for summary judgment and remand the case for trial.
 

 [1]
 

 12 P.S. Appendix, R. C. P. 1035.