## Holmes et al. *v.* Waters, Appellant.

Argued December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Barry J. Goldstein,* with him *Malcolm M. Waldron, Jr.,* for appellant.

*Ralph Schwartz,* with him *Schwartz and Cohen,* for appellees.

OPINION BY PRICE, J., June 24, 1975:

This case reaches us as an appeal by the defendant-appellant, James Waters, Jr., from an order awarding plaintiff-appellee, Natalie Simmons, a new trial limited to the issue of damages. The facts of the case are as follows:

On a sunny day in June, 1965, Peggy Holmes (at that time aged 12) and her step-sister, the appellee (at that

time aged 6), were playing ball in the driveway of their aunt's house on 57th Street, between Market and Ludlow Streets, in Philadelphia. During the course of their play, the ball rolled out of the driveway, across the street and onto the opposite sidewalk. The appellee asked Peggy if she, the appellee, could retrieve the ball and, after looking in both directions, Peggy gave her permission to do so.

The testimony adduced at trial is in conflict as to the events that followed, but it is clear that on recrossing the street, the appellee was involved in a collision with the appellant's automobile causing serious injuries to her head, arm and leg. A panel of arbitrators awarded $6,000 to the appellee. The appellant's demand for a trial de novo before a jury resulted in a $1,000 verdict in favor of the appellee and a $1,000 verdict in favor of her parents and natural guardians in their own right. The appellee's motion for a new trial was granted, limited to the issue of damages. From this order, appellant appeals, arguing that the verdict of the jury was a compromise verdict and should be sustained or, in the alternative, if a new trial is to be granted, that it should not be limited to the issue of damages.

Normally, in reviewing an appeal from the grant of a new trial, an appellate court will reverse the lower court only where the trial court's action is a manifest abuse of discretion. *Gilligan v. Shaw*, 441 Pa. 305, 272 A.2d 462 (1971); *Phelps v. Paul L. Britton, Inc.*, 412 Pa. 55, 192 A.2d 689 (1963). This rule obtains because of the trial judge's superior opportunity to determine matters such as credibility, jury attentiveness, etc. In this case, however, the judge that granted the new trial was in no better position to review the evidence than we are, for he was not present in the courtroom.[1] Therefore, we do not feel compelled to defer to the trial judge's traditional discretion in these matters.

---

1.  The trial judge, The Honorable Francis X. McClanaghan, passed away prior to ruling on the motion for a new trial.

The evidence at trial was in total conflict on the issue of liability. Appellant testified that as he was driving along 57th Street at a speed of approximately 20 miles per hour, two girls darted out in front of his car only ten to fifteen feet in front of him. Seeing the first girl, he immediately slammed on his brakes and avoided hitting her, but after his car had come to a complete stop, the second girl, the appellee, ran into the left side of his car.

The appellee offered testimony that Peggy, after looking both ways and after checking the traffic light at the intersection of Market and 57th Street, told appellee that she could return to the driveway they had been playing in. The appellee stepped out into the street and was hit by appellant's car, neither girl having seen the car until the moment of impact. Peggy testified that the appellant was unable to bring his car to a stop for a distance of 100 to 150 feet from the accident, and that he left skid marks all the way to the Ludlow Street intersection.

The investigating police officer, Patrolman Charles Touzell, testified that he had not noticed any skid marks on the roadway.

The issue of negligence in this case is a very difficult one to decide, based solely on the evidence in the record. Appellant's testimony indicates that he was exercising due care, while appellee's indicates that he may not have been exercising due care. Whether the appellant was negligent is the only issue that appellant seriously contested at trial.

It is in circumstances such as these that the trier of fact is most likely to resort to a compromise verdict. As stated in *Elza v. Chovan*, 396 Pa. 112, 115, 152 A.2d 238, 240 (1959) :

> "[t]here is no magic in amounts but only in the circumstances, and compromise verdicts are both expected and allowed: *Karcesky v. Laria,* 382 Pa. 227, 114 A.2d 150 (1955). The compromise may arise out of damages or negligence or the balance of evidence

concerning either or both, and the grant of a new trial may be an injustice to the defendant rather than an act of justice to the plaintiff ... (citation omitted)."

The facts and the computation of damages in this case were not complicated, nor is there any reason to suspect that the jury made a mistake or was influenced by partiality or prejudice. The appellee introduced medical bills totaling $367.75. The jury awarded a verdict of $1,000 to the appellee and $1,000 to her parents and natural guardians. Were it not for the substantially larger awards made by the panel of arbitrators, we would be inclined to uphold this verdict as a compromise. *Elza v. Chovan, supra; Simpkins v. Richey,* 192 Pa. Superior Ct. 46, 159 A.2d 17 (1960).

A new trial limited solely to the issue of damages is granted only when no questions of negligence exist.

"[N]ew trials may be limited to specific issues only when this procedure will be fair to both parties. Where the question of negligence or contributory negligence is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone." *Phelps v. Paul L. Britton, Inc.,* 412 Pa. 55, 60, 192 A.2d 689, 692 (1963).

Without the benefit of being able to observe the witnesses at trial, we believe that their testimony did not free the question of negligence from doubt. *See also Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970).

*Rutter v. Morris,* 212 Pa. Superior Ct. 466, 243 A.2d 140 (1968), is a case not unlike the one presently before us. That case involved a collision between Clare Rutter, 8 years old, and an automobile driven by Pearl Morris. The evidence of negligence and contributory negligence was conflicting and, in particular, was conflicting as to "whether the appellant's car struck the appellee or if she ran into the side of it. . . ." 212 Pa. Superior Ct. at 467, 243 A.2d at 141. The jury rendered a verdict of $500 in favor of the minor plaintiff and a verdict of $2,163 (the

exact amount of the special damages alleged) in favor of her father and guardian. In that case, our court held that the lower court had erred in limiting its grant of a new trial to the issue of damages, citing *Phelps, supra.* We believe *Rutter* is controlling in the case at bar, and that the lower court erred in limiting the new trial solely to the issue of damages.

We reverse the order of the lower court limiting the new trial solely to the issue of damages, and remand for a new trial on all issues.