451 A.2d 1015

## FISHER SPRINKLER CO., INC.,

v.

**Dorothy E. IDE and Alva Hinkley, individually and trading and doing business as Ide Convalescent Home, Appellants.**

**FISHER SPRINKLER CO., INC., Appellant,**

v.

**Dorothy E. IDE and Alva Hinkley individually and trading and doing business as Ide Convalescent Home.**

Superior Court of Pennsylvania.

Argued March 8, 1982.

Filed Oct. 15, 1982.

Petition for Allowance of Appeal Denied Feb. 17, 1983.

Leonard J. Gajewski, Reading, for Ide, for appellants (at No. 1045) and appellees (at No. 1208).

Paul R. Ober, Reading, for Fisher, appellant (at No. 1208) and appellee (at No. 1045).

Before CAVANAUGH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

This is an appeal from an order granting appellant Ide Convalescent Home (hereinafter Ide) a new trial and directing appellee/cross-appellant Fisher Sprinkler Co. (hereinafter Fisher) to file an amended complaint pursuant to the requirements of the Mechanics' Lien Law, Act of August 24, 1963, P.L. 1175, No. 497, 49 P.S. § 1101 *et seq.* The order is reversed.

The relevant facts are as follows. Fisher and Ide entered into a written contract, the terms of which provided that

Fisher was to install a sprinkler system in the Ide Convalescent Home in return for $33,245.00. After Fisher started work, the Pennsylvania Department of Labor and Industry informed Ide that it would no longer be allowed to operate its convalescent home. Fisher stopped work and, on June 11, 1975, filed a statement of mechanics' lien to recover $18,640.00, the value of the materials and labor alleged to have been provided under the contract.

Fisher's complaint identified the contract the claim was filed under and provided a general statement of the items and services for which recovery was sought. Ide filed preliminary objections to the complaint, contending that an itemized list of these materials and services was required. Ide's preliminary objections were dismissed. The case was tried and on September 13, 1979, a verdict of $11,390.00 in favor of Fisher was returned.

Ide filed exceptions to the findings and decision of the lower court and also filed a petition to strike mechanics' lien. The lower court stated, in an opinion dated March 26, 1981, that because Fisher was claiming the value of the materials and services it had provided to Ide in partially completing the sprinkler system, rather than the full contract price, the nature of Fisher's claim was in assumpsit based on a theory of quantum meruit rather than on the contract to install the sprinkler system. The lower court decided that Fisher's claim should have contained an itemized list of services and material provided rather than the general statement of such permitted by section 1503(5) of the Mechanics' Lien Law when the mechanics' lien claim is filed under a contract. The lower court directed that Fisher file an amended claim and complaint and granted a new trial. This appeal, and cross-appeal, followed.

Initially, we note that an order granting a new trial is appealable pursuant to Pa.R.A.P. 311(a) which provides in pertinent part:

> Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
>
>     . . . .

(5) *New trials.* An order in a civil action or proceeding awarding a new trial. . . .

Pa.R.A.P. 311(a)(5).

Appellant Ide frames its first question involved as follows:

Has the mechanics lien been wholly lost by reason of plaintiff's failure to prosecute his claim to final judgment within five (5) years?

Brief for Appellant at 3.

The time limitations applicable to the prosecution of mechanics' liens are set forth in section 1701(d) of the Mechanics' Lien Law as follows:

A verdict must be recovered *or* judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict *or* judgment, as provided above, the claim shall be wholly lost. . . .

(Emphasis added).

■ Ide contends that Fisher has lost the right to prosecute its claim because a final judgment was not entered within five years of June 11, 1975, the date Fisher filed its mechanics' lien claim. Ide's argument fails to consider the plain language of section 1701(d) which dismisses a mechanics' lien claim only if a judgment *or* a verdict is not obtained within five years of the filing of the claim. A verdict in favor of Fisher was entered on September 13, 1979, well within the five year period.

Appellant Ide frames its second question involved as follows:

Did the court err in awarding defendants a new trial and in directing plaintiff to file an amended mechanics lien claim and amended complaint where the court found that the plaintiff filed its mechanic lien claim in violation of the Mechanics Lien Law of 1963, 49 P.S. § 1503(6)?

Brief for Appellant at 3.

Cross-appellant Fisher raises a substantially similar question:

Did the court en banc err in finding that plaintiff's mechanics' lien claim was not sufficiently specific under sections 503 and 305 of the Mechanics' Lien Law?

Brief for Cross-appellant at 3.

■ An order granting a new trial will not be reversed unless there has been a clear abuse of discretion or error of law which necessarily controlled the grant of a new trial. *Gilligan v. Shaw,* 441 Pa. 305, 272 A.2d 462 (1971).

■ Section 1503(5) of the Mechanics' Lien Law provides: The claim shall state:

... (5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished....

Fisher's claim was filed under its contract to install a sprinkler system for Ide. The contract was identified in Fisher's statement of mechanics' lien claim and a general identification of the work done and the materials furnished was provided. The lower court was incorrect in basing its decision to award a new trial on the fact that Fisher sought less than the full contract price as damages.

Fisher's claim was filed under the contract although it was not for the full contract price as not all the work had been completed when Ide Convalescent Home was closed. Fisher's claim met the specificity requirements of the Mechanics' Lien Law. The equities of the instant situation favor Fisher. Fisher did the work, won the trial, and should be paid without going through trial again. Ide was not so prejudiced by the lack of a detailed statement of the work done that a new trial is mandated. The order of the lower court that a new trial be held is reversed and the verdict in favor of Fisher is reinstated.

Order reversed with directives.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. I agree. with the majority that Fisher did not lose the right to prosecute its claim against

Ide in a new trial because it obtained a verdict within five years of the date upon which it filed its original claim. *See, Brann & Stuart Co. v. Consolidated Sun Ray, Inc.,* 433 Pa. 574, 253 A.2d 105 (1969). I believe, however, that the majority erroneously reversed the lower court order which granted Ide a new trial. It is well established that an order granting a new trial will not be reversed on appeal absent a palpable abuse of discretion or error of law on the part of the court below. *Ditz v. Marshall,* 259 Pa.Super. 31, 393 A.2d 701 (1978); *Hussey v. May Department Stores,* 238 Pa.Super. 431, 357 A.2d 635 (1976); *Holmes v. Waters,* 235 Pa.Super. 180, 340 A.2d 474 (1975). No such error of law or abuse of discretion was shown in the instant case. Therefore, I would affirm the order of the trial court.

In the case at bar, Fisher sought to recover for labor and materials it provided to Ide under a contract which had not been fully performed. In its complaint, Fisher neglected to provide an itemized statement of these articles and the payment to which it was entitled for each. Ide complained about this lack of specificity in its preliminary objections, answer, pre-trial conference memorandum, and in its exceptions following the verdict in favor of Fisher. The Mechanics' Lien Law clearly gave Ide the right to demand that Fisher file a complaint containing a more detailed list of items provided under the contract and the compensation due for each item.

Under the Mechanics' Lien Law, a complaint that contains a general statement of labor and materials provided under a contract is only permissible where a contractor seeks to recover a sum of money established by a contract. Act of August 24, 1963, P.L. 1175, Art. V, § 503, 49 P.S. § 1503(5). In such a case, the contract, itself, can be referred to for a list of labor and materials provided and the amount of money to which the contractor is entitled. In the instant case, however, the contract could not be relied upon to provide this information. Additionally, Fisher was not attempting to recover a sum that had been established by the

contract it entered into with Ide. Thus, the Mechanics' Lien Law explicitly required that Fisher's complaint "set forth a detailed statement of the labor or materials provided, or both, and the prices charged for each . . . ." *Id.* § 1503(6). I disagree with the Majority's assertion that such a detailed statement was not required in the present case merely because Fisher's claim was filed under a contract. If no contract existed, Fisher would not have the right to file a mechanics' lien in the first instance. *See, Murray v. Zemon,* 402 Pa. 354, 167 A.2d 253 (1961).

Moreover, I agree with the lower court's conclusion that, since Fisher was attempting to recover for goods and services it provided under an uncompleted contract, the nature of its claim was in *quantum meruit* rather than on the contract. It is well established that a complaint based on a contract to pay a fixed price is insufficient where a party attempts to recover in *quantum meruit. John Conti Co. v. Donovan,* 358 Pa. 566, 57 A.2d 872 (1958); *Nuebling v. Borough of Topton,* 323 Pa. 154, 185 A. 725 (1936). I fail to discern any abuse of discretion or error of law in the instant case which requires this court to reverse the trial court's order granting Ide a new trial. *Compare, Hornak v. Pittsburgh Railways Co.,* 433 Pa. 169, 249 A.2d 312 (1969). I therefore dissent.