## Supply Companies Inc. v. Campbell

*Peter J. Weygandt,* for plaintiff.
*Stephen Levin,* for defendants.

MELODY, February 27, 1986—Plaintiff Supply Companies, Inc., brought this complaint in action upon mechanics' lien security against defendant Yancel C. Campbell. Defendant Ralph V. Jenkins

was given leave by the court to intervene and plaintiff amended the complaint accordingly to include both Campbell and Jenkins. Each defendant filed preliminary objections alleging that the mechanics' lien and complaint were insufficient for failure to comply with the Mechanics' Lien Law of 1963, Act of August 24, 1963, P.L. 1175, as amended, 49 P.S. §1101 et seq., and requesting the court to discharge the mechanics' lien claim. Supply Companies raised preliminary objections to the intervening defendants' preliminary objections, arguing that the issues raised therein were not timely raised because of the lapse of time between the complaint and defendant's intervention.[1] Plaintiff moved the court to dismiss the preliminary objections, or in the alternative, for an order for a more specific pleading, setting forth the alleged defects with particularity. Supply Companies' preliminary objections were overruled by order of President Judge John E. Stively, Jr. As a result, this case is now before us for consideration of the preliminary objections raised by each defendant.

The Mechanics' Lien Law of 1963 sets forth in Section 503 the specific requirements for the contents of a mechanics' lien claim. 49 P.S. §1503. Plaintiff paid little attention to those requirements in the lien that he has filed in this case and, as a result, his claim cannot be sustained.

49 P.S. §1503 (5) provides ". . . if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general

---

1. The proceedings were stayed with regard to defendant Yancel C. Campbell due to the pendency of a petition for bankruptcy on his part. The stay was lifted by order of The United States Bankruptcy Court for the Eastern District of Pennsylvania, dated March 11, 1985.

statement of the kind and character of the labor or materials furnished; . . ."

Thus, under subsection (5) there are four requirements:

(A) That there must be a contract for an *agreed sum*.

(B) That the contract be *identified*.

(C) That there be a general statement of the *kind* of the materials furnished.

(D) That there be a general statement of the *character* of the materials furnished.

Plaintiff alleged in his statement of mechanics' lien claim and in his brief in opposition to defendants' preliminary objections that he filed as a contractor. Plaintiff has failed to comply with all four of the above requirements.

(A) The amount that plaintiff alleged in his claim is for $10,616.03 *including interest* through September 1983."[2] Plaintiff has failed to set forth the "agreed sum." Since the amount claimed includes interest and does not state the interest rate, we are not able to determine what the "agreed sum" was.

(B) Paragraph 3. of the claim does not "identify the contract" other than to allege an oral contract for materials between the owner and claimant on or about June 1983. We are not convinced that paragraph 3, sufficiently "identifies the contract."

(C) The claim does not contain a general statement of the "kind" of the materials furnished. The claim merely states "supplying of materials"; "materials furnished"; "materials and supplies incidental thereto" and "materials furnished were for making of additions to and construction of improvements of the building." There is nothing in the claim to alert us as to the *kind* of materials.

---

2. Emphasis added.

248

(D) The claim does not contain a general statement of the "character" of the materials furnished.

The claim leaves its reader with absolutely no information about what materials it alleges plaintiff furnished. Therefore the claim cannot be sustained under subsection (5).

The act, however, also permits the filing of claims for matters not covered by §503(5). 49 P.S. §1503(6) states that the claim must include, "in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof." The requirements under this section are, therefore, as follows:

(A) A *detailed* statement of the *kind* of labor or materials furnished;

(B) A *detailed* statement of the *character* of the labor or materials furnished;

(C) A *detailed* statement of the *prices charged* for *each* thereof.

Plaintiff has, again, failed to comply with each of the requirements of the statute.

(A) As was set forth above, the claim merely states "supplying of matierals," "materials furnished," "materials and supplies incidental thereto" and "materials furnished were for making of additions to and construction of improvements of the building." These descriptions are clearly insufficient to meet the requirements of a detailed statement of the "kind" of materials furnished.

(B) The claim provides no detailed statement of the "character" of the materials furnished.

(C) The claim provides no statement of the "prices charged," in any detail whatsoever.

As a result of the defects noted above, the claim in this case cannot be held to have complied with the Mechanics' Lien Law of 1963 and must be dis-

missed. The claim is so general that sustaining it would open the floodgates to the misleading, overbroad statements that the act is clearly aimed at preventing. Condoning this type of a statement of a mechanics' lien would permit *anyone* to write up two pages, caption it as a mechanics' lien and lodge it against the property of anyone in Pennsylvania and thereby create a valid lien.

Although plaintiff places great reliance on Fisher Sprinkler Co. Inc. v. Ide, 305 Pa. Super. 554, 451 A.2d 1015 (1982), that case is distinguishable from the case at bar in a number of respects. The contract there was written; here, it is oral. In Fisher, the claim was for a specific sum. 451 A.2d at 1016. In this case, plaintiff, as was set forth above, has failed to show a specific, agreed sum. Moreover, in Fisher, the claim was filed under the contractor's agreement to install a sprinkler system that was partially in place. 451 A.2d at 1017. The kind and character of the materials supplied in Fisher was easily inferred from the nature of the agreement; in this case, no such inference is possible. Here, plaintiff provides no guidance as to the identification of the materials at issue.

Therefore, based on the foregoing, we enter the following

## ORDER

An now, this February 27, 1986, upon consideration of defendant Ralph V. Jenkins' preliminary objections to claimant's mechanics' lien and complaint, it is hereby ordered and decreed that defendants' preliminary objections are sustained. Plaintiff Supply Companies Inc.'s complaint on mechanics' lien claim is dismissed and the lien is discharged.