## Lake Homes Inc. v. Hesser

*Lanny G. Felty,* for plaintiff.

*John E. Domalakes,* for defendants John Malinoski and Laura Nahas.

DOLBIN, *J.,* March 10, 1993—This matter is before the court on a motion for summary judgment filed by the defendants, John Malinoski and Laura Nahas. Briefs have been submitted by counsel for both parties and this matter is now ready for disposition.

On July 3, 1991, the defendants, John Malinoski and Laura Nahas, entered into an agreement of sale with the plaintiff, Lake Homes Inc. Pursuant to the agreement of sale, Malinoski and Nahas agreed to purchase a lot or piece of ground situate in the Borough of Pine Grove, described as "Lot-School Street Legion Acres" and bearing Schuylkill County Tax Map no. 58-2-25. The agreement of sale was prepared by the plaintiff and/or its agent and given to the defendants for their signatures. The purchase price was $18,000. At the time of the execution of the agreement, Malinoski and Nahas deposited earnest money in the amount of $1,000 with the additional defendant, Schuylkill Associates, the real estate agent for the plaintiff. The

balance was to be paid at the time of settlement. After depositing the earnest money, Malinoski and Nahas approached the Borough of Pine Grove about obtaining a permit for an individual sewage system and were notified by letter dated September 3, 1991 that "a sewage permit is not available for the lot in question." The letter went on further to inform the defendants that "the borough will not permit the lot in question for sewage purposes. There exists a dispute between the owner/developer of the lot and the borough regarding the potential installation of a street, in addition to the method of allowing these lots to be hooked onto existing borough sewage service."

Malinoski and Nahas then informed Schuylkill Associates of the unavailability of community sewage service for the lot in question and requested a return of their $1,000 down payment. They were notified by Schuylkill Associates that the plaintiff refused to return the down payment.

The plaintiff initiated the instant action against Malinoski and Nahas, the Borough of Pine Grove, and Phyllis E. Hesser, as president of Pine Grove Borough Council. Schuylkill Associates was joined as an additional defendant. Malinoski and Nahas answered the complaint and filed a counterclaim against the plaintiff demanding the return of the $1,000 down payment.

The parties have conducted discovery, including the deposition of Michael A. Schober, the professional engineer for the Borough of Pine Grove. Requests for admissions have also been filed.

Malinoski and Nahas have filed the instant motion for summary judgment in which they contend that they are entitled to judgment as a matter of law because the agreement of sale did not contain a provision alerting them to the lack of a community sewage system for

the lot in question. Motions for summary judgment are governed by Pa.R.C.P. 1035, which provides in pertinent part as follows:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is entered only in the clearest of cases where the right is clear and free from doubt. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 865 (1969). The moving party has the burden of proving the non-existence of any genuine issue of fact. *Kent v. Miller,* 222 Pa. Super. 390, 294 A.2d 821 (1972). All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971).

The Pennsylvania Sewage Facilities Act, 35 P.S. §750.1 et seq., provides at §750.7a as follows:

"(a) Every contract for the sale of a lot as defined in section 2 for which there is no currently existing community sewage system available shall contain a statement in the contract clearly indicating to the buyer that there is no community sewage system available and that a permit for an individual sewage system will have to be obtained pursuant to section 7. The contract shall also clearly state that the buyer should contact the local agency charged with administering this act before signing the contract to determine the procedure and requirements for obtaining a permit for an individual sewage system if one has not already been obtained. For purposes of this section the terms 'community sewage system' and 'individual sewage system' shall be

construed to exclude any drainage system for the control of surface water or the control of storm runoff water.

"(b) Any contract for the sale of a lot which does not conform to the requirements of subsection (a) shall not be enforceable by the seller against the buyer. Any term of such contract purporting to waive the rights of the buyer to the disclosures required in subsection (a) shall be void."

It is undisputed that the July 3, 1991 agreement of sale does not contain the statement required by section 750.7a. However, the plaintiff argues that the statement was not required because there is a community sewage system in Pine Grove which serves the area where the lot in question is located. Although it is true that the community sewage system serves the area surrounding the School Street lot, it is undisputed that there is nothing currently available on School Street to which Malinoski and Nahas could connect.

In his deposition, Michael A. Schober, the Borough engineer, testified that there is no sewage line in front of the piece of property which Malinoski and Nahas had agreed to buy. He further testified that the lot is not currently served by any sewage system. His testimony was consistent with the sketch of Legion Acres, marked as plaintiff's Exhibit 1 during Schober's deposition, which shows the placement of water and sewer lines as they currently exist. The sketch shows that there is no currently existing sewer line on School Street.

The plaintiff has taken great pains throughout this litigation to show that it is feasible for the Borough of Pine Grove to extend currently existing sewer lines from Fourth Street or American Legion Boulevard to the lot in question. The feasibility of doing so does

not change the undisputed fact that there is no community sewage system *currently available.*

Since there is no community sewage system currently available and the agreement of sale did not include the statement required by section 750.7a of the Sewage Facilities Act, the plaintiff cannot enforce the agreement against Malinoski and Nahas. Due to the unenforceability of the contract, the plaintiff must also refund the earnest money to Malinoski and Nahas.

Accordingly, we enter the following

## ORDER OF COURT

And now, March 10, 1993, at 11:05 a.m., it is hereby ordered that the defendants' motion for summary judgment is granted. Judgment shall be entered in favor of the defendants, John Malinoski and Laura Nahas, on the plaintiff's complaint and on the counterclaim filed by those defendants against the plaintiff.